IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 05 C 5164<br>) |
| FUTUREPATH TRADING, LLC, | )<br>) |
| Defendant. | ) |

MEMORANDUM ORDER

FuturePath Trading, LLC ("FuturePath") has just filed its Answer, Affirmative Defenses ("ADs") and Counterclaims in this patent infringement action. This memorandum order is issued sua sponte because all four of the ADs are flawed--indeed, only one of them has the potential for survival, albeit in revised form.

AD 1, which is the essential equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, does not really qualify as an AD at all--just take a look at Rule 8(c), at the uniform caselaw applying it and, by way of exposition, at App. ¶5 to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Even more importantly, FuturePath's counsel has totally misconceived the test for sufficiency of a complaint, which has once again been clearly explained less than two weeks ago in Doe v. Smith, No. 05-1903, 2005 WL 3099687, at *1 (7th Cir. Nov. 21).[1] AD 1 is stricken.

---

[1] Doe v. Smith reconfirms a lesson in pleading practice that our Court of Appeals has been repeating (most often, though

AD 2 is problematic for a quite different reason. Notice pleading requirements apply to defendants as well as to plaintiffs, and it is totally uninformative to challenge a patent as "invalid for failure to meet one or more of the requirements of the Patent Laws...." For opposing counsel and this Court to understand the scope of any such defense (which may indeed qualify as an AD), FuturePath's counsel must provide more information as to which provision or provisions of the patent statutes the patent or patents at issue assertedly violates or violate. AD 2 is therefore stricken, but this time with leave granted to file a revised AD on or before December 9, 2005 that provides the necessary notice that is called for by the concept of notice pleading.

As for AD 3, it is directly at odds with the concept of an AD as set out in State Farm. Complaint ¶¶9-13 and 16-19 expressly charge FuturePath with infringement of the patents at issue, so that a denial of infringement has no place in a set of ADs. Hence AD 3 is also stricken (FuturePath suffers no harm from that action, for its denials of the Complaint's allegations in that respect have already placed the matter of infringement at

---

not exclusively, through Judge Easterbrook) for more than a decade--and, indeed, one that the Supreme Court itself has reconfirmed in two unanimous opinions during the same time frame. Under the circumstances it is really troubling to find all too many defense counsel who remain unaware of the basic operative principles and are consequently repeating the same type of mistake.

issue).

AD 4 has the same inherent flaw as AD 3 (see Complaint ¶¶8 and 15). Accordingly it too is stricken.

## Conclusion

For the reasons that have been stated here, all of FuturePath's ADs have been stricken (one with leave to replead). Because this opinion has been limited to that subject, it should not be misunderstood as expressing any views as to the merits or viability of FuturePath's Answer or its Counterclaims.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: December 5, 2005