

**Thomas G. Bruton**
CLERK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

312-435-5670

June 16, 2015

U.S. Federal Court of Appeals
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Trading Technologies International Inc. v. FuturePath Trading LLC

U.S.D.C. Docket No.: 05 CV 5164
U.S.C.A. Docket No.:

Dear Clerk:

     I am sending you herewith the short record on appeal consisting of the Notice of Appeal, Federal Circuit Appeal Information Sheet, copy of FRAP 3(d) letter, copy of docket and a copy of appealed order(s).

     Please acknowledge date of receipt of the above mentioned materials on the attached copy of this letter.

Sincerely yours,

Thomas G. Bruton, Clerk


By: /s/ Sheila Moore, Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Trading Technologies International, Inc. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-cv-5164 |
| | ) |
| v. | ) Judge Sara L. Ellis |
| | ) |
| FuturePath Trading, LLC | ) Magistrate Sidney I. Schenkier |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF INTERLOCUTORY APPEAL

Plaintiff Trading Technologies International, Inc. ("TT") hereby appeals to the United States Court of Appeals for the Federal Circuit:

(1) this Court's November 18, 2014 Order (attached hereto as Exhibit A) entered in consolidated Case No. 05-cv-4120 as Dkt. No. 1377 regarding summary judgment of non-infringement of the patents-in-suit; and

(2) this Court's June 12, 2015 Judgment (Dkt. No. 237) pursuant to Rule 54(b).

TT has contemporaneously filed a notice of appeal with respect to Dkt. No. 1377 in related Case No. 05-cv-4120. Final judgment has been entered in Case No. 05-cv-4120.

Respectfully submitted,

Date:   June 15, 2015

By:____s/ Jennifer M. Kurcz_____
Leif R. Sigmond, Jr. (ID No. 6204980)
(sigmond@mbhb.com)
Matthew J. Sampson (ID No. 6207606)
(sampson@mbhb.com)
Michael D. Gannon (ID No. 6206940)
(gannon@mbhb.com)
S. Richard Carden (ID No. 6269504)
(carden@mbhb.com)
Jennifer M. Kurcz (ID No. 6279893)
(kurcz@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Steven F. Borsand (ID No. 6206597)
(Steve.Borsand@tradingtechnologies.com)
**Trading Technologies International, Inc**.
222 South Riverside
Suite 1100
Chicago, IL 60606
Tel: (312) 476-1000
Fax: (312) 476-1182

**Attorneys for Plaintiff,**
**TRADING TECHNOLOGIES**
**INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing NOTICE OF APPEAL was served on June 15, 2015 as follows:

*Via Filing Via this Court's CM-ECF System, which caused a copy to be served on all registered users and Via Email:*

*Counsel for Defendants:*

**Lora A. Moffatt**
(lmoffatt@crowell.com)
Crowell & Morning LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
Main Tel: 212-895-4226

**Philippe Bennett**
Alston & Bird
90 Park Avenue
New York, NY 10016
(212) 210-9400
Email: pbennett@alston.com

**Christopher Lind**
Bartlit Beck Herman Palenchar
& Scott LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
(312)494-4400
Email: chris.lind@bartlit-beck.com

**Anthony B Ullman**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 632-8342
Email: anthony.ullman@dentons.com

**Brian W. Norkett**
Law Offices of Brian W. Norkett
200 North LaSalle Street
#2500
Chicago, IL 60601
(312)831-1000
Email: bnorkett@bullarocarton.com

**Scott R. Sinson**
Bullaro & Carton, P.C.
200 N. LaSalle St.
Suite 2500
Chicago, IL 60601
(312) 831-1000
Email: ssinson@bullarocarton.com

s/ Jennifer M. Kurcz

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 4120 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| GL CONSULTANTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In this long-running patent dispute, Trading Technologies International, Inc. ("TT") contends that Defendants SunGard Financial Systems (France) SAS, GL Trade Americas, Inc., SunGard Data Systems Inc., and SunGard Investment Ventures LLC (collectively, "GL Trade"), as well as Defendant FuturePath Trading LLC ("FuturePath"), have developed and sold electronic trading software products that infringe U.S. Patent No. 6,766,304 (the "'304 patent") and U.S. Patent No. 6,772,132 (the "'132 patent") (collectively, the "patents-in-suit"). As relevant to the present motions, TT alleges that GL Trade's GL WIN electronic trading application with versions 5.9 and thereafter of the QuickTrade file/module infringe claims 1-3, 5-9, 11-14, 16-18, 20-23, 25, and 27-40 of the '304 patent and claims 1-3, 7-10, 14-16, 20, 22-25, 27-30, 32-35, 37-40, 42-45, and 47-56 of the '132 patent. TT also contends that all versions of FuturePath's PhotonTrader 2 electronic trading application with the TradeMatrix file/module infringe claims 1-3, 5-9, 11-18, 20-23, and 26-40 of the '304 patent and claims 1-3, 7-10, 14-16, 20, 22, 24-25, 27-30, 32, 34-35, 37-40, 42, 44-45, and 47-56 of the '132 patent. Defendants have moved for summary judgment that these accused products do not infringe the patents-in-suit

because the claims' static limitation is not met.  TT has filed a cross-motion for partial summary

judgment that the accused products meet the static limitation.  Because the Court finds that the

accused products do not literally infringe and TT cannot take advantage of the doctrine of

equivalents for all but a small number of the QuickTrade versions at issue, Defendants' motions

[581, 610] are granted in part and denied in part and TT's motion [786] is denied.

## BACKGROUND

### I.  Patents-in-Suit

The patents-in-suit relate to computer software used for electronic trading in the futures

market.  They disclose a static price axis and a dynamic display of bid and ask indicators.  This

combination was intended to ensure that a user can track changing market prices without the

prices changing on him or her.  With a static price level, the user will not enter an order at an

unintended price.

The '132 patent has three independent claims: claims 1, 8, and 14.  The '304 patent has

two independent claims: claims 1 and 27.  Claim 1 of each patent is the representative claim.

Claim 1 of the '132 patent states:

> A method of placing a trade order for a commodity on an
> electronic exchange having an inside market with a highest bid
> price and a lowest ask price, using a graphical user interface and a
> user input device, said method comprising:
>
> setting a preset parameter for the trade order
>
> displaying market depth of the commodity, through a dynamic
> display of a plurality of bids and a plurality of asks in the market
> for the commodity, including at least a portion of the bid and ask
> quantities of the commodity, the dynamic display being aligned
> with a static display of prices corresponding thereto, wherein the
> static display of prices does not move in response to a change in
> the inside market;
>
> displaying an order entry region aligned with the static display
> prices comprising a plurality of areas for receiving commands

2

from the user input devices to send trade orders, each area
corresponding to a price of the static display of prices; and

selecting a particular area in the order entry region through single
action of the user input device with a pointer of the user input
device positioned over the particular area to set a plurality of
additional parameters for the trade order and send the trade order
to the electronic exchange.

'132 patent col. 12 ll. 1–27.

Claim 1 of the '304 patent states:

A method for displaying market information relating to and
facilitating trading of a commodity being traded in an electronic
exchange having an inside market with a highest bid price and a
lowest ask price on a graphical user interface, the method
comprising:

dynamically displaying a first indicator in one of a plurality of
locations in a bid display region, each location in the bid display
region corresponding to a price level along a common static price
axis, the first indicator representing quantity associated with at
least one order to buy the commodity at the highest bid price
currently available in the market;

dynamically displaying a second indicator in one of a plurality of
locations in an ask display region, each location in the ask display
region corresponding to a price level along the common static price
axis, the second indicator representing quantity associated with at
least one order to sell the commodity at the lowest ask price
currently available in the market;

displaying the bid and ask display regions in relation to fixed price
levels positioned along the common static price axis such that
when the inside market changes, the price levels along the
common static price axis do not move and at least one of the first
and second indicators moves in the bid or ask display regions
relative to the common static price axis;

displaying an order entry region comprising a plurality of locations
for receiving commands to send trade orders, each location
corresponding to a price level along the common static price axis;
and

in response to a selection of a particular location of the order entry
region by a single action of a user input device, setting a plurality

3

> of parameters for a trade order relating to the commodity and
> sending the trade order to the electronic exchange.

'304 patent col. 12 ll. 35–col. 13 ll. 3. Each asserted claim of the '132 patent includes limitations

containing the phrase "static display of prices." Each asserted claim of the '304 patent includes

limitations reciting a "static price axis" or a "common static price axis." The difference in

terminology in the '132 patent and '304 patent between the phrases "static display of prices" and

"static price axis" is immaterial to the present motions.

## II. Claim Construction

In 2004 and 2005, TT filed a number of cases asserting infringement of the patents-in-

suit. Those cases, including this one, were assigned to Judge Moran for all common issues

related to discovery and claim construction. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.* (*TT*

*Markman I*), No. 04 C 5312, 2006 WL 3147697, at *1 (N.D. Ill. Oct. 31, 2006). Judge Moran

held a three-day *Markman* hearing and thereafter entered a claim construction order. The parties

agree that Judge Moran's constructions govern the resolution of the present motions.

As relevant here, Judge Moran construed "common static price axis" as "a line

comprising price levels that do not change positions unless a manual re-centering command is

received and where the line of prices corresponds to at least one bid value and one ask value."

*Id.* at *4. "Static display of prices" was construed as "a display of prices comprising price levels

that do not change positions unless a manual re-centering command is received." *Id.* In

explaining his constructions, Judge Moran stated:

> If "static" ordinarily means non-moving, then we cannot see how
> we can construe it any other way. The only exception can be the
> one explicitly stated in the specifications and prosecution history—
> movement due to receipt of a manual re-centering command. If we
> were to construe the term inclusive of additional unstated
> exceptions, such as automatic re-centering, we would not know
> where to stop. Defendant eSpeed aptly asks, "Why is a price
> display which automatically recenters after every two seconds

4

> 'static,' but a price display which automatically recenters after
> every five seconds is not? Why is a price display that
> automatically recenters when the inside market exceeds three ticks
> from the center price is 'static,' but a price display which
> automatically recenters after every fifth tick is not?" . . . Because
> we cannot say, we must construe the term "static" in its ordinary
> meaning, non-moving, and allow for the only exception plainly
> stated in the written description: manual re-centering.

*Id.* (citations omitted). Noting that the patents "were designed to achieve simultaneous goals: speed and accuracy," Judge Moran found "that the purpose of the patents' invention would be frustrated by the inclusion of any movement uncontrolled by the user." *Id.* at *5.

TT asked Judge Moran to clarify or reconsider the construction of the term "static." *Trading Tech., Inc. v. eSpeed, Inc.* (*TT Markman II*), No. 04 C 5312, 2007 WL 611258, at *1 (N.D. Ill. Feb. 21, 2007). TT specifically sought clarification that the "claim element would be met 'if the accused product ever embodies the claimed element, irrespective of how long it does so or whether such a product also has the capacity to act in an uncovered manner.'" *Id.* at *2 (citation omitted). Judge Moran interpreted this part-time infringement theory to "seemingly suggest[ ] that the mere presence of a static price axis–regardless of whether it moves at some time–is still infringing." *Id.* at *3. He stated that in his view, "such an argument suggests that automatic re-centering takes an accused product or process out of the purview of plaintiff's patent protection, but only for the split second that it is moving, so that the time when the accused product's price axis is not moving, it is still infringing." *Id.* Judge Moran noted, however, that "[a]ny movement takes a product or process outside the scope of plaintiff's claim." *Id.* at *4. He clarified that, pursuant to his construction, "the price axis never changes positions unless by manual re-centering or re-positioning." *Id.* Judge Moran acknowledged that a product that sometimes, although not always, embodies a claimed method infringes. *Id.* at *5. Nonetheless, he emphasized that where "the claim limitation itself–here, a static condition–

requires permanency, any movement (outside of manual re-centering or re-positioning) negates one of the specified claim limitations. Therefore, introduction of such movement takes an accused device out of the protection of plaintiff's patents." *Id.*

## III.  Related Cases

### A.  *eSpeed*

After claim construction, the related cases proceeded separately. In *eSpeed*, Judge Moran granted summary judgment of non-infringement for the eSpeed defendants on two sets of products: Dual Dynamic and eSpeedometer. Dual Dynamic included both automatic and manual re-centering options. TT admitted that, under Judge Moran's construction of "static," Dual Dynamic did not literally infringe but argued that it did under the doctrine of equivalents. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.* (*eSpeed I*), 507 F. Supp. 2d 854, 858–59 (N.D. Ill. 2007). eSpeedometer's re-centering feature was different in that "the price display automatically re-center[ed] the inside market in response to every change in the inside market by causing the inside market to gradually move back to the center of the screen," which the parties termed "drift re-centering." *Id.* at 858 n.1. TT argued that eSpeedometer infringed both literally and, alternatively, under the doctrine of equivalents. *Id.* at 859.

Judge Moran found that no eSpeed product that had automatic re-centering, including eSpeedometer, literally infringed TT's patents. *Id.* at 860. In discussing his construction of "static," Judge Moran reiterated that "a permanent state of lack of movement" is required, which eSpeedometer did not have. *Id.* Judge Moran also found that Dual Dynamic did not infringe under the doctrine of equivalents. *Id.* at 863–64. Although there was evidence that Dual Dynamic would automatically re-center only infrequently, Judge Moran concluded that "[a] finding that a change of positions (even once or twice per trading day) is equivalent to not

6

changing positions unless by manual re-centering would vitiate the 'static' requirement. The price levels either change positions . . . or do not change positions; there is no matter of degree." *Id.* But he was not convinced that eSpeedometer did not infringe the static limitation under the doctrine of equivalents since eSpeedometer included a feature that "seemingly prevent[ed] trade commands from being entered at erroneous price levels." *Id.* at 864–65. Judge Moran also found that TT was barred by prosecution history estoppel from arguing that eSpeedometer's drift re-centering infringed on TT's patents under the doctrine of equivalents. *Id.* at 866–67. This was because in amending its claims during the prosecution of the patents, TT added a clarification to what became claim 1 of each of the patents-in-suit that the "static display of prices does not move in response to a change in the inside market." *Id.* at 866. But both of eSpeed's products at issue, Dual Dynamic and eSpeedometer, included a price axis that moved in response to changes in the inside market. *Id.* Thus, TT could not argue they were equivalent. *Id.*

Judge Moran's summary judgment order did not end the *eSpeed* case, however, as TT also claimed that eSpeed's Futures View product infringed the patents-in-suit. Futures View was an eSpeed product sold before the patents-in-suit issued. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.* (*eSpeed II*), 595 F.3d 1340, 1348 (Fed. Cir. 2010). It allowed the user to turn off automatic re-centering, so that, if that user setting was selected, the price axis remained static unless manually re-centered. TT's Futures View claims were tried to a jury over the course of four weeks. *Id.* at 1349. The jury found that Futures View infringed the patents-in-suit. *Id.* Judge Moran upheld the jury's infringement verdict. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, Doc. 1140 (N.D. Ill. Jan. 3, 2008).

As relevant to the present motions, TT appealed Judge Moran's claim construction and finding that Dual Dynamic and eSpeedometer did not infringe its patents.[1] The Federal Circuit construed the claims *de novo* but agreed with Judge Moran's construction of the term "static." *eSpeed II*, 595 F.3d at 1352–55. It reiterated that "the 're-centering command' must indeed occur as a result of a manual entry." *Id.* at 1353. The Federal Circuit also stated that automatic re-centering "negates a claimed requirement that the price level remains static and does not move." *Id.* at 1354. Based on this construction, the Federal Circuit affirmed Judge Moran's finding that Dual Dynamic and eSpeedometer do not literally infringe the patents-in-suit. *Id.* at 1355. As for the doctrine of equivalents, the Federal Circuit observed that Dual Dynamic's "occasional automatic re-centering is not a 'subtle difference of degree' because the claim forbids all automatic re-centering." *Id.* at 1356. The Federal Circuit found the difference between a price axis moving only in response to a trader's instruction and one moving without prompting to "lie[ ] at the heart of the advantages of the patented invention over prior art." *Id.* Because Dual Dynamic "still present[ed] the potential problem of the prior art that allowed the inside market price to move while a trader was trying to secure a deal," the automatic re-centering feature was "substantially different" from the static limitation of the patents-in-suit and Dual Dynamic did not infringe under the doctrine of equivalents. *Id.* The court also found that TT "clearly surrendered a [graphical user interface] with price levels that move in response to inside market changes," barring TT from relying on the doctrine of equivalents to prove that eSpeedometer infringed the patents-in-suit because eSpeedometer's "price level automatically drifts towards the center of the display after every change in the inside market." *Id.* at 1357.

---

[1] eSpeed did not appeal the jury's verdict that Futures View infringed the patents-in-suit.

B.    *RCG*

In one of the related cases that had been coordinated before Judge Moran, Rosenthal

Collins Group, Inc. ("RCG") filed a declaratory judgment action against TT in anticipation of a

patent infringement suit with respect to the patents-in-suit.  *Rosenthal Collins Grp., LLC v.*

*Trading Techs. Int'l, Inc.* (*RCG*), No. 05-cv-4088, 2009 WL 3055381, at *1 (N.D. Ill Sept. 18,

2009).  RCG's software, Onyx, included a window with a dynamic price axis that continually

adjusted the prices displayed so the last traded price was always at the center of the column.  *Id.*

at *2.  If the cursor was positioned within the window, however, the price axis remained

stationary.  *Id.* at *3.  If the cursor was inactive for 30 seconds inside the window, the price axis

would slowly readjust to bring the last traded price back to center.  *Id.*   Additionally, once the

cursor was removed from the window, the price axis re-centered to the last traded price.  *Id.*  TT

acknowledged that while the price axis was moving—when the cursor was outside the window

or after the cursor was inactive within the window for over 30 seconds—Onyx did not infringe.

*Id.*  But it argued that while the price axis was not moving—when the cursor was positioned in

the window—Onyx infringed its patents and thus, because the software could operate in an

infringing mode, it infringed on the whole.  *Id.*   RCG argued that TT was trying to relitigate the

part-time infringement argument it had lost before Judge Moran in *TT Markman II*.  *See TT*

*Markman II*, 2007 WL 611258, at *3–5.  Judge Dow rejected RCG's argument, noting that TT

was not claiming that Onyx's price axis infringed because it remained stationary at some times

and moved at others but rather that Onyx operated in different modes—one that infringed and

one that did not and thus that the software as a whole infringed the patents-in-suit.  *RCG*, 2009

WL 3055381, at *3.  As an example of such software, Judge Dow pointed to eSpeed's Futures

View, in which "the user may opt to have the price axis remain stationary by changing a menu

9

setting." *Id.* Judge Dow ultimately found a question of fact as to infringement, noting that if TT's argument that Onyx operated in three separate modes was correct, then Onyx operated like Futures View and infringed, but that if RCG was correct that Onyx had only one mode of operation in which there was always the possibility that the price axis would move without user input, then Onyx did not infringe. *Id.* at *4. RCG and TT ultimately settled their claims. *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05-cv-4088, Doc. 558 (N.D. Ill. Nov. 15, 2011).

      **C.**     ***GL Trade Americas, Inc. v. TT*** **(False Advertising Case)**

      In 2011, GL Trade Americas, Inc. ("GL Trade Americas") filed suit against TT, alleging that TT engaged in false advertising, unfair competition, and deceptive trade practices by misrepresenting the scope of the patents-in-suit. *GL Trade Ams., Inc. v. Trading Techs. Int'l, Inc.*, No. 11 C 1558, 2012 WL 205909, at *1 (N.D. Ill. Jan. 23, 2012). Specifically, GL Trade Americas claimed that TT had marked certain of its software with the patent numbers for the '132 and '304 patents in a way that suggested that those patents covered products with automatic re-centering. *Id.* at *2. The software at issue had two modes, a default that did not allow for automatic re-centering and an option that allowed for automatic re-centering. *Id.* The patent numbers were displayed on the screen at all times, even when automatic re-centering was enabled. *Id.* Judge Holderman dismissed GL Trade Americas' complaint, finding that "in light of Judge Moran's and Judge Dow's rulings in the patent disputes, it was legally plausible for TT to believe that its products were covered by the '132 and '304 patents, and to mark them as such regardless of the products' modes." *Id.* at *6.

###### D.    *Open E Cry*

In a second round of litigation, TT filed twelve separate infringement actions against various defendants alleging infringement of over ten patents related to electronic trading software, including the patents-in-suit and other patents that have significant overlap with the patents-in-suit. *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, No. 10 C 715, Doc. 70 (N.D. Ill. Feb. 3, 2011). Those cases were consolidated before Judge Kendall. *Id.* Judge Kendall entered partial summary judgment against TT, finding that certain claims of related patents were invalid for failure to comply with the written description requirement of 35 U.S.C. § 112 and that prosecution history estoppel barred TT from asserting U.S. Patent No. 7,685,055 against certain software products. *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 852 F. Supp. 2d 1027 (N.D. Ill. 2012). Judge Kendall's decision was premised on the Federal Circuit's decision in *eSpeed II*. *Id.* at 1044–48; *see also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 883 F. Supp. 2d 772, 778–79 (N.D. Ill. 2012) (denying TT's motion to reconsider and certifying partial judgment for immediate appeal). The Federal Circuit reversed, concluding that *eSpeed II* did not control, and remanded for further proceedings. *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1319–23 (Fed. Cir. 2013). The consolidated cases remain pending before Judge Kendall.

## IV.    **Accused Products**[2]

GL Trade develops and sells market data and order execution software known as GL WIN. QuickTrade is a module that may be added to or included in GL WIN. QuickTrade generates and displays a graphical user interface that allows traders to view and enter orders

---

[2] While the universe of accused products in this case is broader than those at issue in this Opinion, for ease of reference, the Court will refer to those products at issue in this Opinion collectively as the "accused products."

electronically.  Quick Trade versions 5.9 and after[3] include a feature that causes the price axis to

re-center automatically at pre-set time intervals.  When the QuickTrade module re-centers the

price axis, the displayed market information is centered on the last traded price.  The display can

also move in response to a manual re-centering command.  A change in the best bid and ask

price and their respective quantities—also known as a change in the inside market—does not

cause the price axis to re-center automatically.

QuickTrade's re-centering function is mandatory; it cannot be disabled by the user.  But

the user can adjust the frequency at which re-centering occurs.  The default time for QuickTrade

versions 5.9 to 5.13.5 is 10 seconds, while that for versions 7.1.1 and after is 900 seconds (or 15

minutes).  The smallest value that the timer can be set for is 1 second, with the largest value

ranging from version to version from 900 seconds to 99,999,999 seconds (slightly over 3 years).[4]

In QuickTrade versions 10.1.1.7 and after, the user can display a countdown timer for the final

10 seconds before re-centering occurs.  In these versions, the user can also disable the ability to

enter an order for a period of 1 second before re-centering occurs.

---

[3] The following versions of QuickTrade are at issue: 5.9.0, 5.10.0, 5.10.4, 5.10.5, 5.11, 5.11.1, 5.12.0, 5.12.1, 5.13, 5.13.2, 5.13.3, 5.13.5, 7.1.1, 7.1.2, 7.1.3.6, 7.1.4.4, 7.1.5.19, 7.1.5.29, 7.1.5.43, 8.0.2.32, 8.1.1.1, 8.1.1.8, 8.1.1.15, 8.1.2.12, 8.1.2.14, 8.1.3.6, 8.1.3.17, 8.1.3.19, 8.1.4.23, 8.1.5.7, 8.1.5.10, 8.1.6.12, 8.1.7.14, 8.1.7.18, 8.1.7.24, 8.1.9.6, 8.1.10.15, 8.1.11.87, 9.1.0.121, 9.1.1.9, 9.1.1.31, 9.1.2.17, 9.1.3.11, 9.1.4.7, 9.1.5.4, 9.1.6.6, 9.1.7.5, 9.1.8.16, 9.1.9.13, 9.1.10.3, 9.1.11.6, 9.1.12.5, 9.1.13.2, 9.1.13.3, 9.1.13.14, 9.1.20.9, 9.1.20.12, 9.1.20.17, 9.1.20.23, 9.1.20.24, 9.1.21.30, 9.1.21.35, 9.1.21.41, 9.1.21.55, 9.1.21.63, 9.1.21.71, 9.1.21.74, 9.1.21.77, 10.0.23.32, 10.0.23.66, 10.1.1.7, 10.1.1.15, 10.1.1.19, 10.1.1.23, 10.1.1.25, 10.1.1.33, 10.1.2.33, 10.1.2.46, 10.1.2.48, 10.1.2.52, 10.1.2.61, 10.1.2.70, 10.1.2.77, 10.1.2.83, 10.1.2.90, 10.1.2.95, 10.1.2.98, 10.1.2.105, 10.1.2.126, 10.1.2.162, 10.1.3.93, 10.1.3.97, 10.1.3.104, 10.1.3.114, 10.1.3.125, 10.1.3.132, 10.1.3.139, 10.1.3.146, 10.1.3.156, 10.1.3.175, and 10.1.4.107.

[4] Although some versions of QuickTrade will accept a number up to 99,999,999 seconds, those versions only accurately process a number less than or equal to $(2^{31}-1)/1000$ seconds (about 24.8 days).  Inputting a greater number will either cause the program to crash or will return a negative value that will cause the price axis to re-center as quickly as possible.  TT maintains that all versions can be increased to extend the time period to $(2^{32}-1)/1000$ seconds (about 49.7 days) or $(2^{31}-1)/1000$ seconds (about 24.8 days) by using a text editor to modify a settings file in the user's application data directory.  There is no evidence that this has ever been done by a trader, however.

Like GL Win, FuturePath's PhotonTrader 2 is market data software that displays real time financial market data and graphics and includes various independent modules. TradeMatrix is one of the independent modules operated within PhotonTrader 2. TradeMatrix generates and displays a user interface that allows traders to view and enter orders electronically. All commercially released versions of TradeMatrix[5] include automatic re-centering of the price axis at pre-set times. Automatic re-centering does not occur due to a change in the inside market. The price axis can also be re-centered manually.

As with QuickTrade, automatic re-centering is mandatory; it cannot be disabled. The default time interval for TradeMatrix versions 1.3.3.16 through 1.5.0.8 is 120 seconds, while that for versions 1.5.0.85 and thereafter is 20 seconds. The frequency at which re-centering occurs can be adjusted, with 1 second the smallest value for which the timer can be set and the largest value ranging from version to version. In earlier versions, the maximum value is $2^{31}$-1 seconds (about 68 years), while in versions 1.5.0.85 and later, the maximum value is 60 seconds.[6] Unlike QuickTrade, the time between re-centering can be extended by mouse movement, which resets the timer. Mouse activity does not disable re-centering, however.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and

---

[5] The following versions of TradeMatrix are at issue: 1.3.3.16, 1.3.3.18, 1.3.3.26, 1.3.4.0, 1.3.4.2, 1.4.5.0, 1.4.5.3, 1.4.6.0, 1.4.7.0, 1.4.7.4, 1.4.7.6, 1.4.7.7, 1.4.7.9, 1.4.7.10, 1.4.7.11, 1.4.7.12, 1.4.7.13, 1.4.7.14, 1.4.7.15, 1.4.7.16, 1.4.8.0, 1.4.9.0, 1.4.9.2, 1.4.9.14, 1.5.0.0, 1.5.0.8, 1.5.0.25, 1.5.0.42, 1.5.0.50, 1.5.0.61, 1.5.0.62, 1.5.0.85, 1.5.0.10, 1.5.1.3, 1.5.1.14, 1.5.1.16, 1.5.1.20, 1.5.1.24, 1.5.1.26, 1.5.1.33, 1.5.1.34, 1.5.1.42, 1.6.0.1, 1.6.0.8, 1.8.0.1, 1.8.0.3, 1.8.0.23, 1.8.0.27, 1.8.0.36, 1.8.0.37, and 1.8.0.40.

[6] TT maintains that this can be increased to $2^{31}$-1 seconds (about 68 years) by using a text editor to modify a settings file in the user's application data directory. There is no evidence that this has ever been done by a trader, however.

assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). Therefore, when considering Defendants' motions for summary judgment, the Court views all evidence in the light most favorable to TT; and when considering TT's motion, the Court views all evidence in the light most favorable to Defendants. *See id.*

## ANALYSIS

To prove direct infringement, TT must establish by a preponderance of the evidence that the accused products infringe one or more claims of the patents-in-suit either literally or under the doctrine of equivalents. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001). Determining whether a product infringes is a two-step process, with the Court first construing the scope and meaning of the claims at issue and then comparing the construed claims to the allegedly infringing product. *Cybor Corp. v. FAS Techs.,*

*Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998). Unless every limitation of a patent claim is found in the accused product, either literally or under the doctrine of equivalents, there is no infringement. *Deering Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc.*, 347 F.3d 1314, 1324 (Fed. Cir. 2003). Infringement is generally a question of fact, but it may be determined on summary judgment "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1310 (Fed. Cir. 2005) (quoting *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001)).

The parties agree that Judge Moran's claim construction of the static limitation controls. Thus, the Court need only consider whether the accused products meet the static limitation literally or under the doctrine of equivalents.

## I.      Literal Infringement

Defendants argue that the accused products do not meet the static limitation because they include an automatic re-centering feature that cannot be disabled. Specifically, Defendants maintain that because the accused products automatically re-center at specific time intervals without user input, TT cannot establish that the price axis re-centers only "as a result of a manual entry." *eSpeed II*, 595 F.3d at 1353. They further argue that because automatic re-centering can never be disabled, the accused products never operate in an infringing mode during which the price axis remains static as required by the patents-in-suit.

TT, on the other hand, argues that the accused products have a mode in which the price levels do not move except by manual re-centering. Essentially, TT contends that the operation of the accused products can be broken into two different modes: (1) the instant when the price axis re-centers, which is pre-set to occur at specific time intervals; and (2) the time between automatic

re-centering, when the price axis will only move in response to user input. TT argues that the first mode is immaterial, for "an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001). TT also argues that even if the accused products do not operate in separate modes, the movement of the accused products' price axes is not automatic and thus can still be considered infringing.

The Court agrees with Defendants that no reasonable jury could find that the accused products literally meet the static limitation. TT's argument that the accused products operate in separate modes is an improper attempt at an end-run around Judge Moran's and the Federal Circuit's construction of "static." Static means "non-moving," so that "*[a]ny movement* takes a product or process outside the scope of [TT]'s claim." *TT Markman II*, 2007 WL 611258, at \*4 & n.5 (emphasis added). Here, the accused products include movement aside from manual re-centering. Thus, this movement takes the products outside the scope of the patents-in-suit, regardless of the fact that the price axis is static for a definable period of time. *Id.* at \*3, 5 (describing and rejecting TT's part-time infringement theory).

Additionally, while the accused products are in use, there is no way for the user to operate them in solely an infringing mode. Although the user can control the period of time between automatic re-centering, automatic re-centering cannot be completely disabled and thus it is inevitable that the price axis will move without user input. Under Judge Moran's construction, however, only the ability to disable automatic re-centering would bring the accused products within the static limitation. *See TT Markman I*, 2006 WL 3147697, at \*4. As Judge Moran noted in *TT Markman I*:

> If we were to construe the term ["static"] inclusive of additional
> unstated exceptions, such as automatic re-centering, we would not

16

> know where to stop.  Defendant eSpeed aptly asks, "Why is a price
> display which automatically recenters after every two seconds
> 'static,' but a price display which automatically recenters after
> every five seconds is not?  Why is a price display that
> automatically recenters when the inside market exceeds three ticks
> from the center price is 'static,' but a price display which
> automatically recenters after every fifth tick is not?" . . .  Because
> we cannot say, we must construe the term "static" in its ordinary
> meaning, non-moving, and allow for the only exception plainly
> stated in the written description: manual re-centering.

*Id.* (citations omitted).  TT argues that Judge Moran backed away from these statements in *TT Markman II* and that they only apply to TT's proposed construction of static, which Judge Moran did not adopt.  The Court disagrees; these statements indicate that the accused products, which provide for automatic re-centering at specific time intervals, do not meet the static limitation. *See TT Markman II*, 2007 WL 611258, at *3 (rejecting TT's part-time infringement theory, which, in Judge Moran's view, "suggests that automatic re-centering takes an accused product or process out of the purview of plaintiff's patent protection, but only for the split second that it is moving, so that the time when the accused product's price axis is not moving, it is still infringing"); *id.* at *5 (rejecting TT's arguments "in support of its position that any period of a static condition falls within our construction of 'common static price axis' and 'static display of prices'").

TT's request to separate the operation of the accused products into two modes is essentially an attempted end-run around the construction of the static limitation.  Taken to its extreme, every product that includes automatic re-centering would be found to infringe under this theory because there would be at least a split-second when such re-centering was not occurring.  TT suggests that its theory would not lead to such a result because those products that re-center in response to an inside market change always are at risk of moving whereas with the accused products that risk can be clearly separated out, making the static periods identifiable.

TT argues that Judge Moran and the Federal Circuit construed the static limitation to require products to re-center based on changes that occur randomly or unexpectedly, such as changes to the inside market price. *See, e.g.*, Doc. 787 at 20–22. It is true that eSpeed's products re-centered based on changes to the inside market price, *eSpeed I*, 507 F. Supp. 2d at 858 n.1, 861, and that the accused products here do not. But neither Judge Moran nor the Federal Circuit built in a requirement that movement be in response to changes in the inside market or be otherwise unpredictable so as not to be considered static. *See TT Markman I*, 2006 WL 3147697, at *4–5 (construing "static" as non-moving); *TT Markman II*, 2007 WL 611258, at *4–5 ("[A]ny movement (outside of manual re-centering or re-positioning) negates one of the specified claim limitations."); *eSpeed II*, 595 F.3d at 1353–54, 1356 (agreeing with Judge Moran's construction of "static" and noting that "the claim forbids all automatic re-centering"). And while Judge Holderman described Judge Moran's ruling as being "in essence . . . that TT's patents did not cover automatic re-centering, that is, software in which the price levels automatically change positions when new data is received reflecting a change in the inside market," *GL Trade*, 2012 WL 205909, at *1, that is too narrow a reading of Judge Moran's construction. Judge Moran placed no limitation on the reason for automatic re-centering in his construction of the static limitation, stating instead that "*[a]ny* movement takes a product or process outside the scope of plaintiff's claim." *TT Markman II*, 2007 WL 611258, at *4 (emphasis added).

Taken to its logical conclusion, TT's proposed mode argument would render even products like Dual Dynamic infringing, despite TT's acknowledgment that Dual Dynamic did not literally infringe the patents-in-suit. But under the controlling construction, regardless of whether re-centering is based on a pre-set time interval (whether the program default or one of the user's choosing) or a change in the market, the movement of the price axis is out of the user's

18

control and thus automatic.  *See id.* at *2–5 (noting that the clarification order was intended to address whether the "static" term "requires a permanent state of lack of movement" and concluding that the claim limitation indeed "requires permanency" so that "any movement (outside of manual re-centering or re-positioning) negates one of the specified claim limitations").  Although the risk of missing a trade or trading at an unwanted price may be lessened where re-centering occurs at pre-set times because it is more "predictable," TT cannot rewrite the claim construction to require automatic movement to be unpredictable to bring it outside the scope of the patents-in-suit.

Further, TT's comparison of the accused products to eSpeed's Futures View, which was found to infringe the patents-in-suit, is unavailing.  While Futures View had a mode in which there was no possibility of automatic re-centering, the user had the ability to decide whether to enable or disable this mode.  But here there is no setting that the user can elect to go from one mode to another; as already discussed, there is no separate mode where automatic re-centering can be turned off; the split-second during which automatic re-centering occurs cannot be separated from the remaining operation of the accused products.  *See TT Markman II*, 2007 WL 611258, at *3, 5 (rejecting TT's part-time infringement theory that suggested that a product infringed for the time that the price axis did not move).  TT argues that the differences between Futures View and the accused products are irrelevant to the question of whether there is a static mode, *see* Doc. 787 at 19 n.18, but its explanation undermines this contention.  TT explains: "The two modes in the Futures View product were determined by a user setting, whereas in the accused products here the software switches the program from one mode to another."  *Id.*  Thus, even as TT must acknowledge, the accused products' re-centering is automatic—uncontrolled by the user—and thus cannot be considered a separate mode that the product enters for a split-

19

second so that the accused products have both an infringing and non-infringing mode. This stands in stark contrast to Futures View, where the user could choose based on a user setting whether to disable automatic re-centering.

Finally, TT argues that this Court should follow Judge Dow's opinion in *RCG*, where he denied summary judgment with respect to whether a similar product infringed the same patents-in-suit. *RCG*, 2009 WL 3055381, at *3–4. TT claims that Judge Dow found that there was evidence that RCG's product had a static mode where there was no possibility of automatic movement. Doc. 787 at 3. But Judge Dow merely found that there was an issue of fact as to whether RCG's product operated in one mode or three modes, not that it definitively had a static mode, and thus left the infringement question to the jury's determination. *RCG*, 2009 WL 3055381, at *4. As an initial matter, the Court is not bound by Judge Dow's opinion. But more importantly, the denial of summary judgment in *RCG* was fact-bound, dependent on whether RCG's product could "operate entirely in different modes—one that infringes and one that does not." *Id.* at *3–4. RCG's product, according to TT, entered into a static mode when the user positioned the cursor within the window. *Id.* at *3. But here, there is no suggestion that the user could take such action to create a separate mode in which the price axis would move only based on manual re-centering. Instead, the accused products operate in exactly the manner that Judge Dow described as non-infringing, with "a price axis that remains stationary only at certain times and moves at other times." *Id.* at *3. Because the accused products include an automatic re-centering feature that cannot be disabled and thus can never operate in a mode where only manual re-centering is possible, the accused products do not literally infringe the patents-in-suit.

## II.     Doctrine of Equivalents

Although the Court has concluded that the accused products do not directly infringe the patents-in-suit, it must still consider whether they infringe under the doctrine of equivalents.  For an accused product to infringe under the doctrine of equivalents, "any differences between the claimed invention and the accused product must be insubstantial."  *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1346 (Fed. Cir. 2013).  The doctrine of equivalents applies limitation by limitation, with the Court examining whether the accused product "performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product."  *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009).  Although infringement under the doctrine of equivalents is usually a factual question, where "the evidence is such that no reasonable jury could determine two elements to be equivalent," summary judgment is proper. *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997)).

A patentee may be barred by prosecution history estoppel from asserting infringement under the doctrine of equivalents.  *AquaTex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1382 (Fed. Cir. 2005).  Prosecution history estoppel applies "when the [patentee] makes a narrowing amendment for purposes of patentability, or clearly and unmistakably surrenders subject matter by arguments made to the examiner."  *Salazar v. Procter & Gamble Co.*, 414 F.3d 1342, 1344 (Fed. Cir. 2005).

Defendants argue that TT cannot rely on the doctrine of equivalents to establish infringement.  Defendants primarily rely on Judge Moran's and the Federal Circuit's findings

that Dual Dynamic did not infringe under the doctrine of equivalents and that TT was barred by prosecution history estoppel from arguing that eSpeedometer infringed under the doctrine of equivalents.  TT, however, maintains that those findings were specific to the products at issue and cannot be applied to the accused products, which operate in a different manner.

The Federal Circuit considered whether Dual Dynamic's occasional automatic re-centering was equivalent to "never chang[ing] positions unless by manual re-centering or re-positioning."  *eSpeed II*, 595 F.3d at 1356.  Dual Dynamic "automatically and instantaneously re-center[ed] the price levels so as to move the inside market back to the field of the trader's view if the inside market shifted a pre-determined number of ticks from the center of the display."  *Id.* at 1348.  The Federal Circuit noted that Dual Dynamic's re-centering might only occur once or twice a day but found that "this occasional automatic re-centering is not a 'subtle difference of degree' because the claim forbids all automatic re-centering."  *Id.* at 1356.  The Court found the relevant difference not to be the frequency of the automatic re-centering but rather "the difference between a price axis that moves only in response to the trader's instruction and a price axis that adjusts itself without prompting."  *Id.*  Dual Dynamic's re-centering was found to pose the same problem as the prior art, which "allowed the inside market price to move while a trader was trying to secure a deal."  *Id.*  Thus, the Federal Circuit concluded that "Dual Dynamic's automatic re-centering feature is substantially different from the claimed invention and cannot fall within the scope of the claims under the doctrine of equivalents without doing violence to the 'static' claim element."  *Id.*

The Federal Circuit did not consider whether eSpeedometer infringed under the doctrine of equivalents, instead examining whether TT was barred from making that argument by prosecution history estoppel.  *Id.* at 1356–57.  This was because Judge Moran found

22

eSpeedometer's drift re-centering did not vitiate the static limitation based on a feature that "seemingly prevent[ed] trade commands from being entered at erroneous price levels." *eSpeed I*, 507 F. Supp. 2d at 864–65. Dual Dynamic did not have this feature. *Id.* at 864.

Here, even though the accused products can be set to re-center only occasionally, as the Federal Circuit stated, the frequency of automatic re-centering is not the relevant comparison. *eSpeed II*, 595 F.3d at 1356. And while the price axis of the accused products does not automatically re-center in response to a change in the inside market, as Dual Dynamic did, this does not render the Federal Circuit's analysis inapplicable. As with Dual Dynamic, in all QuickTrade versions except versions 10.1.1.7 and thereafter,[7] users are always at risk of missing their intended price at the time that the automatic re-centering occurs. Thus, the automatic re-centering of the accused products (except QuickTrade versions 10.1.1.7 and after) presents essentially the same problem as Dual Dynamic did for TT—it defeats the claimed advantages of the patents-in-suit over the prior art—and thus TT cannot use the doctrine of equivalents to demonstrate that those versions do not infringe. *Id.*

This leaves QuickTrade versions 10.1.1.7 and after, which include an option by which the user cannot enter an order for a period of 1 second before automatic re-centering occurs. These versions appear similar to eSpeedometer as the option "seemingly prevents trade commands from being entered at erroneous price levels." *eSpeed I*, 507 F. Supp. 2d at 864. This option essentially keeps the price levels static at the time of re-centering so that the product could be found to be performing substantially the same function in substantially the same way with substantially the same result as the patented product. Defendants argue that the lock feature in QuickTrade versions 10.1.1.7 and after actually ensures that the trader's price is missed because

---

[7] In QuickTrade versions 10.1.1.7 and after, the user can disable the ability to enter an order for a period of 1 second before automatic re-centering occurs.

a trader may want to enter a trade at a price but is prevented from doing so because entry is frozen for that second even though there is time to enter the order before re-centering occurs. Doc. 862 at 33 n.16. But Defendants do not address how freezing order entry for the second before automatic re-centering does not render the static limitation met under the doctrine of equivalents. The Court thus finds that there is at least a genuine dispute on the issue with respect to QuickTrade versions 10.1.1.7 and after.

TT would be precluded from arguing that these versions are infringing if prosecution history estoppel applies. Defendants argue that TT surrendered any subject matter that moves automatically during the prosecution of the patents-in-suit based on amendments it made to the claims that issued as claim 1 of each of the patents-in-suit. Both Judge Moran and the Federal Circuit examined this same argument with respect to Dual Dynamic and eSpeedometer and found that TT had "surrendered a [graphical user interface] with price levels that move in response to inside market changes." *eSpeed II*, 595 F.3d at 1357; *eSpeed I*, 507 F. Supp. 2d at 866–67 ("TT has clearly disclaimed a price axis that moves in response to a change in the inside market."). Defendants seize on language in the Federal Circuit's opinion that "during prosecution, the inventors surrendered any subject matter that moves automatically." *eSpeed II*, 595 F.3d at 1357. But the sentences before that statement demonstrate that the Federal Circuit's finding on prosecution history estoppel was more limited:

> [B]oth claim construction and prosecution history estoppel operate in this case with similar limited results. The first limits the claims to manual re-centering. The latter prevents TT from asserting that eSpeedometer is an equivalent, because its price level automatically drifts towards the center of the display after every change in the inside market.

*Id.* It is undisputed that the accused products do not automatically re-center in response to changes in the inside market. Defendants have not presented the Court with a basis to extend

24

prosecution history estoppel to every instance of automatic re-centering, nor is the Court able to discern such a basis. Thus, the Court finds that prosecution history estoppel does not bar TT from arguing that QuickTrade versions 10.1.1.7 and after infringe on the static limitation of the patents-in-suit under the doctrine of equivalents. TT may proceed on its infringement claims with respect to this limited subset of the accused products.

## CONCLUSION

For the foregoing reasons, Defendants' motions [581, 610] are granted in part and denied in part and TT's motion [786] is denied. QuickTrade versions 5.9.0 through 10.0.23.66 and all TradeMatrix versions discussed in this Opinion and Order do not infringe the patents-in-suit.

Dated: November 18, 2014

SARA L. ELLIS
United States District Judge

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### Appeal Information

United States District Court for the Northern District of Illinois

Type of case: | Patent Infringement |

(List all parties. Use asterisk to indicate dismissed or withdrawn parties. Use separate sheet if needed. Explain any discrepancy with caption used on judgment, order or opinion)

Plaintiff(s)                                        Defendant(s)

| Trading Technologies International Inc | FuturePath Trading LLC<br>GL Consultants Inc<br>GL Trade SA<br>GL Trade Americas Inc.<br>SunGard Financial Systems (France) SAS |

Docket No:                                    Date of Judgment/Order

05 CV 5164                                   6/12/15

Cross/Related Appeal:                      Date of Notice of Appeal:

                                             6/15/15

Appellant (X )        Plaintiff ( X )        Defendant ( )        Other (explain) ( )

FEES:

Appeals Docket Fee Paid?        Yes (X )        No ( )
U.S. Appeal?                    Yes ( )        No ( )
In Forma Pauperis?              Yes ( )        No ( )
                                COUNSEL

(List name, firm, address and telephone of lead counsel for each party. Indicate party represented. Use separate sheet if necessary.)

Plaintiff:                                    Defendant:

| **Jennifer M Kurcz**<br>McDonnell, Boehnen, Hulbert & Berghoff, Ltd.<br>300 South Wacker Drive<br>32nd Floor<br>Chicago, IL 60606<br>(312) 913-0001 | **Anthony B Ullman**<br>Salans FMC SNR Denton Europe LLP<br>620 Fifth Avenue<br>New York, NY 10020<br>(212) 632-8342 |

COURT REPORTER: P. Mullen (312) 435-5565

IMPORTANT: Attach copy of opinion or order appealed from. Forward together with copy of notice of appeal and certified docket entries.

**UNITED STATES DISTRICT COURT**
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

**Thomas G. Bruton**                                        **OFFICE OF THE CLERK**

| 05 CV 5164 | Trading Technologies International Inc v. FuturePath Trading LLC |
|---|---|

The attached copy of the Notice of Appeal is being mailed to all parties pursuant to F.R.A.P. 3 (d). The record on appeal is being maintained in our office until it is requested by the Clerk of the United States Court of Appeals for the Federal Circuit.

For your convenience pertinent information re: perfecting the appeal which is taken from the Procedural Handbook for the United States Court of Appeals for the Federal Circuit is listed below:

The notice of appeal is filed with the clerk of the trial court (District Court) along with the fee for filing the notice and the $505 appellate docket fee. CAFC 10 (a). Appeals will be docketed upon receipt from the clerk of the trial court of (1) a copy of the notice of appeal, (2) a certified copy of docket entries, and (3) a copy of the appeal information sheet. Appeals under 28USC 1292 (d) will be docketed on grant of the appeal by the Court and receipt of a certified copy of docket entries and a copy of the appeal information sheet

The record on appeal shall consist of all papers named in FRCP 10(a) and 16. All papers are normally retained by the tribunal from which the appeal is taken. When deemed necessary, the court, on motion or sua sponte, may order filing of the original or certified copies of the trial or administrative record or any portions thereof at any time during pendency of the appeal.

When a transcript is required, the appellant has the duty to order it from the reporter and to give notice to appellee if a partial transcript is ordered as required by FRAP 10(b). Where no report of the proceedings was made or the transcript is unavailable, the provisions of FRAP 10c shall govern.

Telephone inquiries from counsel concerning rules and procedures are welcomed by the Clerk's Office for the U.S. Court of Appeal for the Federal Circuit. This office is located in Room 401 of the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20439 and is open from 8:30 a.m. to 4:30 p.m. Telephone (202) 633-6550.

Very truly yours,
Thomas G. Bruton, Clerk
By: /s/  Sheila Moore, Deputy Clerk

cc: Counsel of Record

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc. ) | |
| ) | Civil Action No. 05-5164 |
| Plaintiff, ) | |
| ) | Judge Sara I. Ellis |
| v. ) | |
| ) | Magistrate Sidney I. Schenkier |
| FuturePath Trading, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Having considered Plaintiff TRADING TECHNOLOGIES INTERNATIONAL, INC's

("TT") motion to amend the pleadings pursuant to Rule 15 and grant certification of a final

judgment pursuant to Rule 54(b) and the interests of judicial administration and the involved

equities of this matter, the Court hereby ORDERS:

1.      TT is hereby granted leave to amend its complaint in this case to limit its claims

of infringement to the product of Defendant FUTUREPATH TRADING, LLC ("FuturePath")

found not to infringe in Docket No. 1377 of the case as consolidated with Case No. 05-cv-4120

("Summary Judgment Ruling"), which is the FuturePath TradeMatrix module.

2.      Through this amendment, TT consents to and this Court orders the dismissal with

prejudice of TT's claims of infringement against all of the software, modules, products or other

offerings of any kind of FuturePath that TT accused of patent infringement in the present

litigation other than the product specified in paragraph 1 of this Order.  This includes without

limitation versions of the Photon Trader, and Photon Trader Pro FuturePath products (other than

the FuturePath product that is the subject of the Summary Judgment Ruling).

3.     In light of the Court's ruling of non-infringement in the Summary Judgment Ruling and the limitation of the claim of infringement in this case to the product specified in paragraph 1, FuturePath is entitled to judgment on its counterclaim of non-infringement on the same grounds as found in the Summary Judgment Ruling.

4.     Other than TT's claim of infringement against the FuturePath TradeMatrix module found in the Summary Judgment Ruling not to infringe and FuturePath's counterclaim of noninfringement, the only remaining pending claim in this case is FuturePath's counterclaim of invalidity.

5.   The Court grants TT's motion for entry of judgment under Rule 54(b) and expressly finds there is no just reason for delay. The Court enters final judgment for FuturePath under Rule 54(b) with respect to TT's claim of infringement and FuturePath's counterclaim of noninfringement for the reasons stated in the Court's Summary Judgment Ruling.

6.   The Court stays any further activity in this case pending appeal of the certified final judgment set forth above.

7.   Each party shall bear its own attorneys' fees and costs.

    **SO ORDERED:**

June 12, 2015

Sara L. Ellis
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Trading Technologies International Inc.,

Plaintiff(s),

v.

FuturePath Trading LLC,

Defendant(s).

Case No.  05-cv-5164
Judge Sara L. Ellis

## **JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff(s)
and against defendant(s)
in the amount of $           ,

        which ☐ includes           pre–judgment interest.
               ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

___

☐      in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

___

☒      other:  The Court grants Trading Technologies' motion for entry of judgment under Rule 54(b) and expressly finds there is no just reason for delay. The Court enters final judgment for FuturePath under Rule 54(b) with respect to Trading Technologies' claim of infringement and FuturePath's counterclaim of noninfringement for the reasons stated in the Court's Summary Judgment Ruling.

___

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Sara L. Ellis on a motion for summary judgment.

Date:   6/12/2015              Thomas G. Bruton, Clerk of Court

Rhonda Johnson, Deputy Clerk

Case: 1:05-cv-05164 Document #: 248 Filed: 06/22/2015 Page 38 of 76 PageID #:4588

AO279,APPEAL,CASREF,PROTO,REOPEN,SCHENKIER

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:05-cv-05164
## Internal Use Only

| | |
|---|---|
| Trading Technologies International Inc v. FuturePath Trading LLC | Date Filed: 09/09/2005 |
| Assigned to: Honorable Sara L. Ellis | Jury Demand: Both |
| Referred to: Honorable Sidney I. Schenkier | Nature of Suit: 830 Patent |
| related Case: 1:05-cv-04120 | Jurisdiction: Federal Question |
| Cause: 35:145 Patent Infringement | |

**Plaintiff**

**Trading Technologies International Inc**    represented by    **Paul H. Berghoff**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
29th Floor
Chicago, IL 60606
(312) 913-0001
Email: berghoff@mbhb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Wayne Krantz**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 S Wacker Dr Ste 3200
Chicago, IL 60606
(312) 913-3309
Email: krantz@mbhb.com
*ATTORNEY TO BE NOTICED*

**Christopher Michael Cavan**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Email: cavan@mbhb.com
*ATTORNEY TO BE NOTICED*

**Dennis David Crouch**
McDonnell, Boehnen, Hulbert &

Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Email: crouch@mbhb.com
*TERMINATED: 01/11/2011*

**George I. Lee**
Lee Sullivan Shea & Smith
150 South Wacker Drive
24th Floor
Chicago, IL 60606
312 754-9606
Email: lee@mbhb.com
*ATTORNEY TO BE NOTICED*

**Jennifer M Kurcz**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Email: kurcz@mbhb.com
*ATTORNEY TO BE NOTICED*

**Jeremy E. Noe**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Email: noe@mbhb.com

**Kirsten L. Thomson**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 S. Wacker
Suite 3100
Chicago, IL 60606-6709
312 913 3329
Email: thomson@mbhb.com
*ATTORNEY TO BE NOTICED*

**Leif R. Sigmond , Jr.**
McDonnell Boehnen Hulbert &
Berghoff LLP

300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Fax: (312) 913-0002
Email: sigmond@mbhb.com
*ATTORNEY TO BE NOTICED*

**Marcus Jay Thymian**
McDonnell, Boehnen, Hulbert &
Berghoff LLP
Suite 3200
300 South Wacker Drive
Chicago, IL 60606
(312) 913-3300
Email: thymian@mbhb.com
*ATTORNEY TO BE NOTICED*

**Matthew J. Sampson**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Email: sampson@mbhb.com
*ATTORNEY TO BE NOTICED*

**Michael David Gannon**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 913 0001
Fax: 312 913 0002
Email: gannon@mbhb.com
*ATTORNEY TO BE NOTICED*

**Michelle Lynn McMullen-Tack**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 913-3344
Email: mcmullen-tack@mbhb.com
*ATTORNEY TO BE NOTICED*

**Paul A. Kafadar**
McDonnell Boehnen Hulbert &
Berghoff
300 S. Wacker Dr.
Suite 3100
Chicago, IL 60606
312 913 0001
Email: kafadar@mbhb.com
*ATTORNEY TO BE NOTICED*

**Paul S. Tully**
McDonnell, Boehnen, Hulbert &
Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 913-0001
Fax: 312-913-0002
Email: tully@mbhb.com
*ATTORNEY TO BE NOTICED*

**S. Richard Carden**
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Suite 3200
Chicago, IL 60606
(312) 913-0001
Fax: (312) 913-0002
Email: carden@mbhb.com
*ATTORNEY TO BE NOTICED*

**Steven F. Borsand**
Trading Technologies International, Inc.
222 South Riverside Drive
#1100
Chicago, IL 60606
(312) 476-1000
Email:
steve.borsand@tradingtechnologies.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FuturePath Trading LLC**          represented by   **Anthony B Ullman**
                                                      Salans FMC SNR Denton Europe LLP
                                                      620 Fifth Avenue
                                                      New York, NY 10020

(212) 632-8342
Email: anthony.ullman@dentons.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison G. Carlson**
Salans FMC SNR Denton Europe LLP
620 Fifth Avenue
4th Floor
New York, NY 10020
(212)632-5504
Email: alison.carlson@dentons.com
*ATTORNEY TO BE NOTICED*

**Brian W. Norkett**
Bullaro and Carton, P.C.
200 North LaSalle Street
Suite 2420
Chicago, IL 60601
(312)831-1000
Email: bnorkett@bullarocarton.com
*ATTORNEY TO BE NOTICED*

**Bruce J. Rose**
Alston & Bird, LLP
Bank of America Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000
Email: bruce.rose@alston.com
*ATTORNEY TO BE NOTICED*

**Christopher Louis Mcardle**
Alston & Bird Llp
90 Park Ave.
New York, NY 10016
(212) 210-9400
Email: chris.mcardle@alston.com
*ATTORNEY TO BE NOTICED*

**David John Eklund**
Alston & Bird Llp
90 Park Ave.
Suite 1300
New York, NY 10016
(212) 210-9503
Email: david.eklund@alston.com
*ATTORNEY TO BE NOTICED*

**James R. Branit**
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781 6552
Email: branit@litchfieldcavo.com
*TERMINATED: 05/05/2011*

**Lara A. Holzman**
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
Email: lholzman@alston.com
*ATTORNEY TO BE NOTICED*

**Lora A. Moffatt**
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212)223-4000
Fax: (212)223-4134
Email: lmoffatt@crowell.com
*ATTORNEY TO BE NOTICED*

**Philippe Bennett**
Alston & Bird
90 Park Avenue
New York, NY 10016
(212) 210-9400
Email: pbennett@alston.com
*ATTORNEY TO BE NOTICED*

**Walter Scott**
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212)210-9400
Email: wscott@alston.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GL Consultants Inc**                represented by   **Lora A. Moffatt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GL Trade SA**                          represented by  **Lora A. Moffatt**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**GL Trade Americas Inc.**

**Defendant**
**SunGard Financial Systems (France)**
**SAS**

**Counter Claimant**
**FuturePath Trading LLC**               represented by  **Brian W. Norkett**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James R. Branit**
                                                         (See above for address)
                                                         *TERMINATED: 05/05/2011*

                                                         **Lara A. Holzman**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Philippe Bennett**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Walter Scott**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**
**Trading Technologies International**   represented by  **Christopher Michael Cavan**
**Inc**                                                  (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kirsten L. Thomson**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael David Gannon**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michelle Lynn McMullen-Tack**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Kafadar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul S. Tully**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**FuturePath Trading LLC**                represented by  **Brian W. Norkett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James R. Branit**
(See above for address)
*TERMINATED: 05/05/2011*

**Lara A. Holzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philippe Bennett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Walter Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Trading Technologies International**    represented by  **Paul H. Berghoff**
**Inc**                                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Wayne Krantz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Michael Cavan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dennis David Crouch**
(See above for address)
*TERMINATED: 01/11/2011*

**George I. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer M Kurcz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy E. Noe**
(See above for address)

**Kirsten L. Thomson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leif R. Sigmond , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcus Jay Thymian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew J. Sampson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael David Gannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michelle Lynn McMullen-Tack**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Kafadar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul S. Tully**
(See above for address)
*ATTORNEY TO BE NOTICED*

**S. Richard Carden**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Steven F. Borsand**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2005 | 1 | COMPLAINT filed by Trading Technologies International Inc; Jury Demand (Exhibits)(eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 2 | CIVIL Cover Sheet (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 3 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc by Paul H. Berghoff, Steven F. Borsand, Matthew J. Sampson, Leif R. Sigmond, Jr (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 4 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc by Stephen Richard Carden, Dennis David Crouch, George I. Lee, Jennifer M Swartz (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 🔒 5 | (Court only) RECEIPT regarding payment of filing fee paid on 9/9/2005 in the amount of $250.00, receipt number 10713466 (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 6 | SUMMONS Issued as to Defendant FuturePath Trading LLC (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 7 | NOTICE of Claim by Trading Technologies International Inc Involving Patent under Local Rule 3.4 (eav, ) (Entered: 09/12/2005) |
| 09/09/2005 | 8 | NOTIFICATION of Affiliate under Local Rule 3.2 by Trading Technologies International Inc (eav, ) (Entered: 09/12/2005) |
| 09/12/2005 | | MAILED Patent Report to Commissioner of Patents and Trademarks, Alexandria, Va (eav, ) (Entered: 09/12/2005) |
| 09/19/2005 | 9 | MINUTE entry before Judge Milton I. Shadur : Status hearing set for 11/4/2005 at 09:00 AM. Mailed notice (srn, ) (Entered: 09/19/2005) |
| 09/28/2005 | | MAILED to plaintiff(s) counsel Lanham Mediation Program materials (mb, ) (Entered: 09/28/2005) |
| 10/26/2005 | 10 | MINUTE entry before Judge Milton I. Shadur : Status hearing reset for 11/29/2005 at 09:00 AM. Telephoned notice (srn, ) (Entered: 10/26/2005) |
| 11/04/2005 | 18 | MOTION by defendant FuturePath Trading LLC to stay. (mjc, ) (Entered: 11/22/2005) |
| 11/04/2005 | 19 | NOTICE of Motion by defendant FuturePath Trading LLC for presentation of defendant's motion to stay 18 before Honorable Milton I. Shadur on 11/16/2005 at 09:15 AM. (mjc, ) (Entered: 11/22/2005) |

| 11/04/2005 | 20 | MEMORANDUM of Law by defendant FuturePath Trading LLC in Support of motion to stay 18 ; (Exhibits). (mjc, ) (Entered: 11/22/2005) |
| 11/04/2005 | 55 | ATTORNEY Appearance for Defendant FuturePath Trading LLC, Counter Claimant FuturePath Trading LLC by James R. Branit (cdy, ) (Entered: 03/23/2006) |
| 11/08/2005 | 12 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of FuturePath Trading LLC by Alison G. Naidech; Order entered granting leave by Milton I. Shadur. Filing fee $ 50.00 paid, receipt number 11263. (lcw, ) (Entered: 11/14/2005) |
| 11/08/2005 | 13 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of FuturePath Trading LLC by Lora A. Moffatt; Order entered granting leave by Milton I. Shadur. Filing fee $ 50.00 paid, receipt number 11268. (lcw, ) (Entered: 11/14/2005) |
| 11/08/2005 | | OPPOSITION by FuturePath Trading LLC to Trading Technologies International, Inc.'s motion to reassign. (Orginal in 04cv5312). (mjc, ) (Entered: 11/14/2005) |
| 11/11/2005 | 11 | AFFIDAVIT of Service filed by Plaintiff Trading Technologies International Inc regarding Complaint, Summons, Notification of Affiliate, Notice of Patent Claim, Civil Cover Sheet served on Jeffrey Henderson on September 28, 2005 (Kurcz, Jennifer) (Entered: 11/11/2005) |
| 11/14/2005 | 14 | MOTION by Plaintiff Trading Technologies International Inc for default judgment as to (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Kurcz, Jennifer) (Entered: 11/14/2005) |
| 11/14/2005 | 15 | NOTICE of Motion by Jennifer M Kurcz for presentment of motion for default judgment 14 before Honorable Milton I. Shadur on 11/17/2005 at 09:15 AM. (Kurcz, Jennifer) (Entered: 11/14/2005) |
| 11/15/2005 | 16 | RESPONSE in Opposition to Defendant FuturePath's Motion to Stay (Attachments: # 1 Exhibit A# 2 Exhibit B)(Kurcz, Jennifer) (Entered: 11/15/2005) |
| 11/16/2005 | 17 | SUPPLEMENTAL MEMORANDUM by FuturePath Trading LLC to its motion to stay. (lcw, ) (Entered: 11/18/2005) |
| 11/17/2005 | 21 | MINUTE entry before Judge Milton I. Shadur : Motion for default judgment 14 is denied, Motion to stay 18 is entered and continued, Motions terminated: MOTION by Plaintiff Trading Technologies International Inc for default judgment as to 14 Defendants have to and including December 1, 2005 in which to file a responsive pleading to the Complaint. Status hearing set for 12/2/2005 at 09:00 AM. In court notice (srn, ) (Entered: 11/22/2005) |
| 12/01/2005 | 22 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Lora A. Moffatt (Moffatt, Lora) (Entered: 12/01/2005) |

| 12/01/2005 | 23 | *FuturePath Trading LLC's* ANSWER to Complaint with Jury Demand *and Affirmative Defenses*, COUNTERCLAIM filed by FuturePath Trading LLC against Trading Technologies International Inc. by FuturePath Trading LLC(Moffatt, Lora) (Entered: 12/01/2005) |
| 12/01/2005 | 24 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Alison G. Naidech (Naidech, Alison) (Entered: 12/01/2005) |
| 12/05/2005 | 25 | MINUTE entry before Judge Milton I. Shadur : Enter Memorandum Order. For the reasons that have been stated here, all of FuturePath's Ads have been stricken (one with leave to replead). (lcw, ) (Entered: 12/07/2005) |
| 12/05/2005 | 26 | MEMORANDUM Order Signed by Judge Milton I. Shadur on 12/5/2005.(lcw, ) (Entered: 12/07/2005) |
| 12/05/2005 | 28 | ORDER OF THE EXECUTIVE COMMITTEE: Case reassigned to Honorable James B. Moran for the limited purpose of dealing with common issues. (See order for details).(tlm) (Entered: 12/13/2005) |
| 12/09/2005 | 27 | *First Amended* ANSWER to Complaint with Jury Demand *Affirmative Defense and*, COUNTERCLAIM filed by FuturePath Trading LLC against Trading Technologies International Inc. by FuturePath Trading LLC(Moffatt, Lora) (Entered: 12/09/2005) |
| 12/14/2005 | 29 | MINUTE entry before Judge James B. Moran : Status hearing is set for 12/28/2005 at 09:15 AM. Mailed notice (ldg, ) (Entered: 12/14/2005) |
| 12/16/2005 | 31 | Entered on the incorrect docket. Modified on 1/9/2006 (eav, ). (Entered: 12/21/2005) |
| 12/20/2005 | 30 | ANSWER to counterclaim by Trading Technologies International Inc (Kurcz, Jennifer) (Entered: 12/20/2005) |
| 12/21/2005 | | MAILED Rule 83.16 letter and appearance form to attorney Lora A. Moffatt (eav, ) (Entered: 12/21/2005) |
| 12/21/2005 | 32 | AMENDED Answer by Plaintiff Trading Technologies International Inc to *FuturePath Trading's Amended Counterclaim* answer to complaint, counterclaim 27 (Kurcz, Jennifer) (Entered: 12/21/2005) |
| 01/09/2006 | 33 | NOTICE of Correction regarding application to appear pro hac vice 31 (eav, ) (Entered: 01/09/2006) |
| 01/23/2006 | 34 | TT's Preliminary Infringement Contentions by Trading Technologies International Inc, Trading Technologies International Inc (Carden, Stephen) (Entered: 01/23/2006) |
| 01/27/2006 | 40 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc, by Michelle Lynn McMullen-Tack. (lcw, ) (Entered: 01/31/2006) |
| 01/30/2006 | 35 | MOTION by Defendant FuturePath Trading LLC for protective order (Moffatt, Lora) (Entered: 01/30/2006) |

| 01/30/2006 | 36 | Memorandum of Law by defendant in support of MOTION by Defendant FuturePath Trading LLC for protective order (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# 18 Exhibit R)(Moffatt, Lora) (Incorrect Event Used) Modified on 1/31/2006 (gma, ). (Entered: 01/30/2006) |
| --- | --- | --- |
| 01/30/2006 | 37 | NOTICE of Motion by Lora A. Moffatt for presentment of motion for protective order, 36 , motion for protective order 35 before Honorable Milton I. Shadur on 2/2/2006 at 09:15 AM. (Moffatt, Lora) (Entered: 01/30/2006) |
| 01/30/2006 | 38 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc by Marcus Jay Thymian (Thymian, Marcus) (Entered: 01/30/2006) |
| 01/30/2006 | 39 | MOTION by Plaintiff Trading Technologies International Inc to strike MOTION by Defendant FuturePath Trading LLC for protective order *Supporting Memorandum of Law* 36 , notice of motion 37 , MOTION by Defendant FuturePath Trading LLC for protective order 35 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Thymian, Marcus) (Entered: 01/30/2006) |
| 01/31/2006 | 41 | NOTICE of Correction regarding MOTION by Defendant FuturePath Trading LLC for protective order *Supporting Memorandum of Law* 36 (Incorrect Event Used) (gma, ) (Entered: 01/31/2006) |
| 01/31/2006 | 🔒 | (Court only) ***Motions terminated: MOTION by Defendant FuturePath Trading LLC for protective order *Supporting Memorandum of Law* 36 (Incorrect Event Used) (gma, ) (Entered: 01/31/2006) |
| 02/01/2006 | 42 | MEMORANDUM by FuturePath Trading LLC in Opposition to motion to strike, motion for relief,,,,,, 39 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Moffatt, Lora) (Entered: 02/01/2006) |
| 02/01/2006 | 43 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of FuturePath Trading LLC by Lara A. Holzman; Order entered granting leave by Milton I. Shadur. Filing fee $ 50.00 paid, receipt number 11856-857. (lcw, ) (Entered: 02/02/2006) |
| 02/01/2006 | 44 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Lara A. Holzman. (lcw, ) (Entered: 02/02/2006) |
| 02/01/2006 | 45 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of FuturePath Trading LLC by Walter Scott; Order entered granting leave by Milton I. Shadur. Filing fee $ 50.00 paid, receipt number 11856-857. (lcw, ) (Entered: 02/02/2006) |
| 02/01/2006 | 46 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Walter Scott. (lcw, ) (Entered: 02/02/2006) |
| 02/01/2006 | 47 | |

| | | APPLICATION for Leave to Appear Pro Hac Vice on behalf of FuturePath Trading LLC by Philippe Bennett; Order entered granting leave by Milton I. Shadur. Filing fee $ 50.00 paid, receipt number 111856-857 (lcw, ) (Entered: 02/02/2006) |
|---|---|---|
| 02/01/2006 | 48 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Philippe Bennett. (lcw, ) (Entered: 02/02/2006) |
| 02/03/2006 | 49 | MINUTE entry before Judge Milton I. Shadur : MOTION by Plaintiff Trading Technologies International Inc to strike MOTION by Defendant FuturePath Trading LLC for protective order is denied.(36-1) In lieu of striking that motion, it is referred to Judge Moran (as was already required by Judge Moran's 12/28/05 order). (srn, ) (Entered: 02/03/2006) |
| 02/21/2006 | 🔒 | (Court only) ***Motions terminated: MOTION by Defendant FuturePath Trading LLC to stay 18 (srn, ) (Entered: 02/21/2006) |
| 02/28/2006 | 50 | MINUTE entry before Judge James B. Moran : Status hearing is set for 3/7/2006 at 9:30 a.m. before Judge Moran. Due date for all claim construction responses, previously set for 3/6/06, is hereby stricken. A new date will be assigned at the status hearing. Mailed notice (eav, ) (Entered: 03/01/2006) |
| 03/02/2006 | 51 | REPLY by Defendant FuturePath Trading LLC *In Opposition to TT's Motion for Collective Protective Order* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Moffatt, Lora) (Entered: 03/02/2006) |
| 03/07/2006 | 52 | MINUTE entry before Judge James B. Moran : Status hearing held and continued to March 10, 2006 at 9:30 a.m. before Judge Moran. Mailed notice (jmm, ) (Entered: 03/08/2006) |
| 03/09/2006 | 53 | MINUTE entry before Judge James B. Moran : Motions were heard on 3/7/2006. The parties motions for protective orders were heard, and a finalized collective protective order will be submitted pursuant to discussion on the record. Gary Kemp's motion to quash eSpeed's subpoena is denied. Mr. Kemp's personnel records may be obtained subject to a protective order. Motion of GL Consultant defendants to stay discovery is granted in part and denied in part pursuant to discussion on the record. Defendant's response to Trading Technologies' claim construction briefs shall be filed by 3/24/06. Reply to be filed by 4/7/2006. Mailed notices (gcy, ) (Entered: 03/10/2006) |
| 03/10/2006 | 54 | MINUTE entry before Judge James B. Moran : Status hearing held and continued to 8/15/2006 at 9:30 a.m. Markman hearing is set for 5/24/25/26/2006 at 10:00 a.m. Defendant?s response to Trading Technologies' claim construction is to be filed by 4/26/2006. Reply to be filed by 5/17/2006. If necessary, defendant's disclosure of expert's identity will take place by 4/20/2006. Any declaration to be filed by 4/26/2006. If necessary, Trading Technologies will disclose its expert on 5/5/2006. Any declaration to be filed by 5/17/2006. Motion to Bifurcate |

| | | to be filed by 3/24/2006. Response is due 4/3/2006, and reply to be filed by 4/10/2006. Mailed notice (lcw, ) (Entered: 03/14/2006) |
|---|---|---|
| 03/29/2006 | 🔒 | (Court only) ***Motions terminated: MOTION by Defendant FuturePath Trading LLC for protective order 35 (srn, ) (Entered: 03/29/2006) |
| 04/10/2006 | 56 | NOTICE by Walter Scott of Change of Address (las, ) Modified on 4/12/2006 (las, ). (Entered: 04/12/2006) |
| 04/10/2006 | 57 | NOTICE by Philippe Bennett of Change of Address (las, ) (Entered: 04/12/2006) |
| 04/10/2006 | 58 | NOTICE by Lara A. Holzman of Change of Address (las, ) (Entered: 04/12/2006) |
| 04/14/2006 | 59 | ATTORNEY Appearance for Plaintiff Trading Technologies International Incby Paul S. Tully. (lcw, ) (Entered: 04/18/2006) |
| 05/11/2006 | 60 | Appearance by FuturePath Trading LLC (Norkett, Brian) (Entered: 05/11/2006) |
| 05/16/2006 | 62 | MINUTE entry before Judge James B. Moran : Motions were heard on 6/16/2006. TT's response to GL and FuturePath's motion to compel discovery to be filed by 5/30/2006. FuturePath's reply to be filed by 6/9/2006. Markman hearing set for 6/1/2006 is stricken and reset to 8/16/2006 at 10:00 a.m. Representation made on the record that TT has produced all relevant documents pertaining to its communications with the Patent and Trademark Office with respect to the patents-in-suit. TT's patent counsel, Foley and Lardner, must make a similar representation on the record. Mailed notice (cdy, ) (Entered: 05/22/2006) |
| 05/16/2006 | 63 | MINUTE entry before Judge James B. Moran : TT's and RCG will represent in writing and on the record that each has produced all relevant documents pertaining to Wit Capital. Parties to schedule the deposition of Steven Borsand prior to the Markman hearing. TT must update its privilege log with sufficient identification of the communicating party and the recipient by 5/30/2006. Defendants must produce their privilege logs by 5/30/2006. GL and FuturePath's motion to extend page limit for response to TT's claim construction was granted. Status hearing is set for 7/5/2006 at 9:30 a.m. (cdy, ) (Entered: 05/22/2006) |
| 05/19/2006 | 61 | MINUTE entry before Judge James B. Moran : Markman hearing set for May 24-26 is stricken and reset to August 16 and 17, 2006 at 10:00 a.m. Status hearing is set for 7/5/2006 at 09:30 AM. Mailed notice (ldg, ) (Entered: 05/19/2006) |
| 05/24/2006 | 64 | MINUTE entry before Judge James B. Moran : Status hearing set for 7/5/06 is stricken and reset to 7/6/06 at 09:30 AM. Mailed notice (lcw, ) (Entered: 05/25/2006) |
| 06/05/2006 | 65 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc by Jeremy E. Noe (Noe, Jeremy) (Entered: 06/05/2006) |

| 06/23/2006 | 66 | MINUTE entry before Judge James B. Moran : Defendant's motion to prohibit Charles Mauro from attending, reading the transcripts, or learning of the content of the depositions of Christopher and Walter Buist is denied. TT's motion for leave to file Markman reply brief in excess of 15 pages is granted. TT's motion for a protective order preventing GL and FuturePath from proceeding with seventeen depositions until after the Markman hearing is denied. Defendants GL and FuturePath should limit the depositions to those necessary for the Markman hearing, and defer the rest until after the Markman. GL and FuturePath's motion for leave to file brief in excess of fifteen pages is granted. Mailed notices (gcy, ) (Entered: 06/27/2006) |
|---|---|---|
| 07/06/2006 | 67 | MINUTE entry before Judge James B. Moran : Status hearing held on 7/6/2006. GL's and FuturePath's renewed motion for a protective order was heard. Trading Technologies' motion for entry of a protective order was heard. Parties to file a blueprint of the current disputes regarding the protective order with the Court. GL's and FuturePath's motion to compel against Foley and lardner will be withdrawn from the District Court for the District of Columbia and submitted to the Court. Trading Technologies to respond by July 12, 2006. Defendants reply to be filed by July 17, 2006. Mailed notice (eav, ) (Entered: 07/07/2006) |
| 07/11/2006 |  | TRANSCRIPT of proceedings for the following dates: 6/22/06; Before the Honorable James B. Moran. (Original in 04cv5312) (mjc, ) (Entered: 07/12/2006) |
| 07/13/2006 | 68 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and order re protective order. Mailed notice (cdy, ) (Entered: 07/17/2006) |
| 07/13/2006 | 69 | MEMORANDUM Opinion and Order. Signed by Judge James B. Moran on 7/13/2006.(cdy, ) (Entered: 07/17/2006) |
| 07/18/2006 | 70 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and Order. GL's and FuturePath's motion to compel discovery agianst Trading Technologies as it relates to the prosecution of plaintiff's patents is denied. Trading Technologies, Foley & Lardner, and GL/FuturePath should submit brief summaries of the remaining disputes to the Court. Mailed notice (lcw, ) (Entered: 07/20/2006) |
| 07/18/2006 | 71 | MEMORANDUM Opinion and Order. Signed by Judge James B. Moran on 7/18/2006.(lcw, ) (Entered: 07/20/2006) |
| 08/07/2006 | 72 | MINUTE entry before Judge James B. Moran : Enter Protective Order. Mailed notice (cdy, ) (Entered: 08/09/2006) |
| 08/07/2006 | 73 | PROTECTIVE Order. Signed by Judge James B. Moran on 8/7/2006. (cdy, ) (Entered: 08/09/2006) |
| 08/08/2006 | 74 | MINUTE entry before Judge James B. Moran : Status hearing held on 8/8/2006. GL's and FuturePath's motion for partial summary judgment was entered and continued. Court recommends that GL's and FuturePath's motion to compel Foley & Lardner to comply with Rule 45 |

| | | |
|---|---|---|
| | | subpoena, pending in the district court of the District of Columbia, be denied. Foley & Lardner has represented to defendants that it has turned over all communications regarding the patents-in-suit. If, in the exercise of caution, Foley & Lardner included on its privilege log communication with TT that is not actually privileged, TT knows of those communications and we assume has disclosed them. Parties may submit post-Markman hearing briefs addressing discrete issues not already covered within 7 days from the date of the hearing. TT should produce the disk containing M. Silverman's files to opposing parties. Mailed notice (ldg, ) (Entered: 08/11/2006) |
| 08/24/2006 | | EXHIBITS A-Q by GL & FP. (4 vols.) (Original in 04cv5312)(mjc, ) (Entered: 08/25/2006) |
| 08/24/2006 | | COURTESY COPIES of cited cases during Markman Hearing. (Original in 04cv5312) (mjc, ) (Entered: 08/25/2006) |
| 10/31/2006 | 75 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and Order. For the reasons stated in the memorandum, we so construe the relevant claims of the '132 and '304 patents. Mailed notice (cdy, ) (Entered: 11/02/2006) |
| 10/31/2006 | 76 | MEMORANDUM Opinion and Order. Signed by Judge James B. Moran on 10/31/2006.(cdy, ) (Entered: 11/02/2006) |
| 11/29/2006 | 77 | MINUTE entry before Judge James B. Moran : Motions were heard on 11/29/2006. Defendants reply to Plaintiff's motion for clarification or, in the alternative, reconsideration 426 to be filed by 1/8/2007. Reply by 1/22/2007. Defendants to file opening summary judgment briefs, including references to previous summary judgment motions by 2/19/2007. Plaintiff's response and any cross-summary judgment motions to be filed by 3/12/2007. Defendants' replies and responses to plaintiff's motion by 3/26/2007. Plaintiff's replies by 4/4/2007. Status hearing is set for 2/7/2007 at 09:15 AM. Mailed notice (ldg, ) (Entered: 11/29/2006) |
| 12/05/2006 | 78 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and Order. Plaintiff's oral motion to compel the testimony of Steve Brucato is denied. Mailed notice (cdy, ) (Entered: 12/08/2006) |
| 12/05/2006 | 79 | MEMORANDUM Opinion and Order. Signed by Judge Milton I. Shadur on 12/5/2006.(cdy, ) (Entered: 12/08/2006) |
| 01/22/2007 | 80 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc, Counter Defendant Trading Technologies International Inc by Paul Ahmed Kafadar (cdy, ) (Entered: 01/24/2007) |
| 01/22/2007 | 81 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc, Counter Defendant Trading Technologies International Inc by Michael David Gannon (cdy, ) (Entered: 01/24/2007) |
| 02/06/2007 | 82 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of proceedings for the following dates: 11/17/06; Before the Honorable Milton I. Shadur (cdy, ) (Entered: 02/07/2007) |
| 02/09/2007 | 85 | MINUTE entry before Judge James B. Moran : Status hearing held on 2/9/2007 and continued to 3/2/2007 at 9:00 a.m. At that time, parties will supply dates for expert reports, pretrial motions and summary judgment motions. Court to rule on TT's motion for clarification or reconsideration filed on 11/20/2006. UBS to comply with discovery requests by 3/6/2007. set for 3/2/2007 at 09:00 AM.Mailed notice (ldg, ) (Entered: 02/28/2007) |
| 02/21/2007 | 83 | MEMORANDUM Opinion and Order Signed by Judge James B. Moran on 2/21/2007: Mailed notice (hp, ) (Entered: 02/26/2007) |
| 02/21/2007 | 84 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and Order. We deny in part plaintiff's motion to reconsider 426 .Mailed notice (cdy, ) (Entered: 02/26/2007) |
| 03/01/2007 | | MOTION to compel Defendants' Communications by Trading Technologies International, Inc's (original filed in case no. 05cv4088) (RESTRICTED) (mb, ) (Entered: 03/02/2007) |
| 03/02/2007 | 86 | MINUTE entry before Judge James B. Moran :Status hearing held on 3/2/2007 and continued to 3/16/2007 at 09:00 AM. Regarding GL's pending motion to compel, TT will evaluate requests for representative copies of X_Trader from December 1998 and as of March 1, 1999. TT wil confirm and represent that the X_Trader software never included a mercury display prior to 2000. TT represents that Claim 6 of the "132 patent does not cover click and dime trading because it is a dependant claim that relates to an independent claim that requires a static price axis. TT represents that the TT Frankfurt office closed and moved to Evanston, so there are no documents remaining in Frankfurt from the 1990's. TT will give a detailed representation of the search conducted for documents in TT's London office. TT's motion to compel defendants' documents concerning defendants' joint defense agreement was heard. Parties to discuss whether any dispute remains. If a dispute remains, response to be filed by 3/21/2007. Reply by 3/28/2007. TT's motion to show cause was heard. Response due 3/16/2007. Reply due 3/23/2007. While it is primarily a dispute between TT and eSpeed, other defendants wishing to weigh in may. TT's updated infringement contentions, in light of the Markman ruling, are due to all defendants by 3/23/2007, recognizing that such contentions may change. Mailed notice (ldg, ) (Entered: 03/06/2007) |
| 03/15/2007 | 🔒 | (Court only) ***Motions terminated: MOTION to compel (srn, ) (Entered: 03/15/2007) |
| 03/16/2007 | 87 | MINUTE entry before Judge James B. Moran :Status hearing held on 3/16/2007 and continued to 3/23/2007 at 09:00 AM. Regarding TT's motion to compel defendants' communications, parties to use TT letter as a basis for discussion. If parties cannot agree to terms of production, defendants to file opposition based on the narrowed scope of the letter |

| | | |
|---|---|---|
| | | by 3/21/2007. Reply due 3/28/2007. With regard to GL's motion to compel, TT should produce the underlying documents and software as of December 1998 and March 1, 1999. TT to make Monicka Dudek available for a short deposition in Chicago on a mutually agreeable date. Mailed notice (ldg, ) (Entered: 03/16/2007) |
| 03/23/2007 | 88 | MINUTE entry before Judge James B. Moran :Status hearing held on 3/23/2007 and continued to 4/10/2007 at 09:45 AM. Regarding GL's motion to compel, parties to discuss the disputed documents, create a list of disagreements, and furnish the court with any previous briefing germane to the issue and any necessary supplemental briefing. Briefing, if necessary, is due on April 6, 2007. Regarding the depositions of GL employees and former employees, the following should be seen as guidelines: Depositions of GL employees should be taken in New York. Non-GL employees should be taken where available, with the parties encouraging them to be in either New York or London at a mutually convenient time. Where possible, defendants should give plaintiff a short explanation as to why technology qualifies at prior art, although it is not a requirement under the federal rules. Parties to set out list of deponents and possible deponents to determine deposition schedule. Summary judgment on invalidity and other arguments to be determined at the next status conference.Mailed notice (ldg, ) (Entered: 03/26/2007) |
| 04/10/2007 | 89 | MINUTE entry before Judge James B. Moran :Status hearing held on 4/10/2007 and continued to 4/30/2007 at 09:00 AM. (Note: time change from 9:45 a.m.) Regarding TT's motion to compel GL to update, produce, and de-designate, GL to give further specification to TT regarding GL TradePad prior to depositions. For the remainder of the motion, GL to respond by April 17, 2007. The deposition of Laurent Havard is set for April 24 and 25 in New York. Parties to schedule remaining depositions.Mailed notice (ldg, ) (Entered: 04/11/2007) |
| 04/17/2007 | 90 | MINUTE entry before Judge James B. Moran :GL's and FuturePath's motion to compel discovery from TransMarket Group LLC pursuant to FRCP 37 156 is entered and continued.Mailed notice (ldg, ) (Entered: 04/17/2007) |
| 04/30/2007 | 97 | MINUTE entry before Judge James B. Moran :Status hearing held on 4/30/2007 and continued to 5/17/2007 at 09:45 AM. Gary Kemp to be deposed on a mutually-agreed upon date in May. Additional defendants may file supporting briefs with regard to eSpeed's dispositive motions. Otherwise, non-infringement summary judgment motions from the remaining defendants will be entered and continued. GL's motion to compel production of privileged documents 156 has been referred to Magistrate Judge Schenkier.Mailed notice (ldg, ) (Entered: 05/09/2007) |
| 04/30/2007 | 98 | MINUTE entry before Judge James B. Moran :GL's motion to compel Transmarket Group is entered and continued. TT to file a reply to its motion to compel GL to update, produce and de-designate and a response to GL's cross-motion for inspection of TT's original repository of X Trader and MD Trader source code by 5/4/2007. GL to file |

| | | |
|---|---|---|
| | | corresponding reply and response by 5/9/2007. TT's motion to preclude Midas Kapiti and Fox Fusion is entered and continued.Mailed notice (ldg, ) (Entered: 05/09/2007) |
| 05/01/2007 | 91 | MINUTE entry before Judge James B. Moran :GL's motion to compel TT's allegedly privileged documents is referred to Magistrate Judge Schenkier. TT to submit the challenged documents to Judge Schenkier for in camera review as he deems appropriate.Mailed notice (ldg, ) (Entered: 05/01/2007) |
| 05/01/2007 | 92 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion and Order. For the reasons stated, Trading Technologies International, Inc.'s motion to compel defendants' privileged communications, as privilege is defined in this order 479 is denied. Mailed notice (cdy, ) (Entered: 05/03/2007) |
| 05/01/2007 | 93 | MEMORANDUM Opinion and Order. Signed by Judge James B. Moran on 5/1/2007.(cdy, ) (Entered: 05/03/2007) |
| 05/01/2007 | 95 | ORDER of the Executive Committee. It is hereby ordered that Magistrate Judge Schenkier is to act as designated magistrate judge in each of the above-listed cases. (See order for further details). Signed by Judge Executive Committee on 5/1/2007:Mailed notice(amb, ) (Entered: 05/07/2007) |
| 05/02/2007 | 94 | MINUTE entry before Judge Sidney I. Schenkier : Telephone status conference held. Oral argument set on GL Trade America's motion to compel allegedly previleged documents for 5/14/2007 at 09:30 a.m. By the close of business on 5/8/07, plaintiff shall deliver to the Court a sampling of the previleged documents, selected by GL America, as directed during the status conference. Mailed notice (cdy, ) (Entered: 05/04/2007) |
| 05/08/2007 | 96 | MOTION by Plaintiff Trading Technologies International Inc, Counter Defendant Trading Technologies International Inc to compel *GL to produce a corporate witness related to QuickTrade* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Carden, S.) (Entered: 05/08/2007) |
| 05/10/2007 | 99 | MINUTE entry before Judge James B. Moran :TT's motion for letter of request for the deposition of Nick Garrow in United Kingdom 553 is granted. Parties to determine a mutually-agreed upon date for deposition. TT's motion to compel GL to produce a corporate witness related to QuickTrade 96 is granted. GL's motion to quash plaintiff's notices of deposition and for a protective order pursuant to FRCP 26(c) (1) is granted in part. TT may depose three witnesses of TT's choice from the eleven notices of deposition originally served. Motion hearing held on 5/10/2007 regarding motion to compel 96 . Mailed notice (ldg, ) (Entered: 05/11/2007) |
| 05/14/2007 | 100 | MINUTE entry before Judge Sidney I. Schenkier : Motion hearing held. The Court has reviewed a sample of the documents that are the subject |

| | | of defendants' motion to compel allegedly privileged documents (doc. # 156). The Court's rulings on the privilege assertions for those sample documents were stated on the record, and are summarized below. Plaintiff shall produce the documents for which the Court has overruled plaintiff's assertion of privilege, or for which the assertion of privilege has been withdrawn, by 05/21/07. Plaintiff is directed to review the other documents that are the subject of defendants' motion to determine whether, based on the Court's rulings today, those documents should be produced. By 05/21/07, plaintiff shall produce the documents it agrees falls within that category, and shall inform defendants as to which documents plaintiff continues to assert privilege. The parties are to meet and confer regarding any privilege log entries for which the parties remain in dispute. By 06/01/07, the parties are to provide to the Court a joint list of the privilege log entries that are the subject of defendants' motion, that the parties continue to dispute. A status hearing is set for 06/05/07 at 9:00 a.m. Mailed notice (cdy, ) (Entered: 05/17/2007) |
|---|---|---|
| 05/17/2007 | 102 | MINUTE entry before Judge James B. Moran : Status hearing held on 5/17/2007 and continued to 5/29/2007 at 9:45 a.m. Jury Trial set for 7/2/2007 is stricken and reset to 6/28/2007 at 10:00 AM. Of TT's list of 11 witnesses dealt with at last status, TT is permitted to take depositions of 3, including Gatignol if they decide to, but must get letters rogatory. Mailed notice (ldg, ) (Entered: 06/04/2007) |
| 05/29/2007 | 104 | MINUTE entry before Judge James B. Moran : Status hearing held on 5/29/2007 and continued to 6/7/2007 at 10:00 a.m. GL's motion to compel production of documents from Elliot Lapan 183 is granted in part. TT must produce Mr. Lapan's laptop computer for examination by a qualified technician. TT must use ist best efforts to produce the laptop by May 31, 2007. Regarding our order with respect to TT's motion to compel GL to update, produce and de-designate, GL must provide a list of customers and salespeople to TT. Defendants to check for any communication with the FIA regarding communication with patent examiner Weisburger. Mailed notice (ldg, ) (Entered: 06/06/2007) |
| 05/31/2007 | 101 | MINUTE entry before Judge James B. Moran : Status hearing is set for 6/7/2007 at 10:00 AM. (Previous date of 6/8/2007 at 8:30 a.m. is stricken). Mailed notice (ldg, ) (Entered: 05/31/2007) |
| 06/05/2007 | 103 | MINUTE entry before Judge Sidney I. Schenkier : Status hearing held and continued to 8/23/2007 at 09:00 AM. The Court sustains the privilege for plaintiff's privilege log entries 903, 904, 969, 1354, and 1363. Any revisions, supplementations, or corrections to the privilege log is to be completed by 8/13/07. Mailed notice (mmm, ) (Entered: 06/05/2007) |
| 06/05/2007 | 105 | MINUTE entry before Judge James B. Moran : Motion hearing held on 6/5/2007. TT's emergency motion for a protective order requesting cooperation in scheduling the deposition of Amy Watson was heard. Deposition of Amy Watson to occur on 6/12/2007. TT's motion to move the due date for opposing GL Trade's motion for summary judgment |

| | | 636 is granted. GL's motion for summary judgment of invalidity is to be construed as supporting papers for eSpeed's motion for summary judgment. TT need not individually respond to GL's motion at this juncture. TT's emergency motion to compel discovery of GL Trade Americas, Inc. and GL Trade SA; or alternatively to preclude was heard.Status hearing set for 6/7/2007 is stricken and reset to 6/11/2007 at 09:00 AM.Mailed notice (ldg, ) (Entered: 06/07/2007) |
|---|---|---|
| 06/05/2007 | 106 | MINUTE entry before Judge James B. Moran :Motion hearing held on 6/5/2007. TT to send a technical expert to GL's France office to inspect the original GL Win manuals and any originals of any documents allegedly depicting or showing the "Tradepad" module. Parties to discuss the specifics and procedure. With regard to the remainder of the motion, before eSpeed may rely on any Tradepad prior art, eSpeed must convince this court that TT has had a fair opportunity to investigate the alleged Tradepad sale to Cargill, which is the substance of eSpeed's motion for summary judgment of invalidity. In order to expedite the process, TT should discuss with eSpeed and GL the specifics of what it needs in order to respond to eSpeed's motion for summary judgment. Mr. Gary Kemp should appear for deposition by 6/10/2007.Mailed notice (ldg, ) (Entered: 06/07/2007) |
| 06/11/2007 | 107 | MINUTE entry before Judge James B. Moran :Status hearing held on 6/11/2007 and continued to 6/18/2007 at 11:30 a.m. Final pretrial order in the eSpeed case is due by 6/22/2007. Final Pretrial Conference is set for 6/25/2007 at 09:30 AM. Regarding GL's motion for summary judgment of invalidity, GL to withdraw its motion and supporting briefs. GL to re-file a brief in support of eSpeed's motion for summary judgment of invalidity by 6/15/2007. Regarding TT's motion to compel GL to update, produce and de-designate, the remaining issue of GL's customer list was discussed. To the extent possible, GL will produce to TT a list of customers from late 1998 through 1999, in the futures industry, who had version of the GL Win product, specifically versions 431,450, and 451. TT to produce information with respect to its forensic expert by end of day on 6/11/2007. Mailed notice (ldg, ) (Entered: 06/12/2007) |
| 06/19/2007 | 108 | MINUTE entry before Judge James B. Moran : Status hearing held on 6/19/2007. Final pretrial order in the eSpeed case is postponed. Final pretrial conference set for 6/25/2007 is stricken. Jury Trial set for 6/28/2007 is stricken and reset to 9/10/2007 at 10:00 AM. Mailed notice (ldg, ) (Entered: 06/21/2007) |
| 08/09/2007 | 109 | MOTION by Plaintiff Trading Technologies International Inc, Counter Defendant Trading Technologies International Inc for extension of time *to produce revised privilege log* (Carden, S.) (Entered: 08/09/2007) |
| 08/16/2007 | 110 | MINUTE entry before Judge James B. Moran : Enter Memorandum Opinion. We grant TI's motion for summary judgment with regard to prior use before March 2, 1999. We deny the remainder of TT's motion |

| | | for summary judgment and deny eSpeed's motion for summary judgment on prior use. Mailed notice (cdy, ) (Entered: 08/20/2007) |
|---|---|---|
| 08/16/2007 | [111](#) | MEMORANDUM Opinion and Order. Signed by Judge James B. Moran on 8/16/2007.(cdy, ) (Entered: 08/20/2007) |
| 08/16/2007 | [112](#) | MINUTE entry before Judge Sidney I. Schenkier :By an order dated 06/05/07, this Court ordered plaintiff Trading Technologies, Inc. (TTI) to provide defendants GL Consultants, Inc. and GL Trade SA (GL Defendants) with a revised privilege log. The Court ordered that revised log to be produced by 08/13/07, allowing that amount of time in light of the intervening trial date of 06/28/07 in the related case of Trading Technologies International, Inc. v. eSpeed, Inc., 04 C 5312. The trial date in that case subsequently was reset to 09/10/07, and TTI now has filed a motion to extend the time for production of the revised privilege log to 10/19/07 (doc. # 109). In support of the motion, TTI has outlined the extensive additional discovery and trial preparation it has been required to conduct in light of the revised trial date, and submits that it would unnecessarily divert TTI from trial preparation responsibilities to require the production of the revised log prior to the completion of the eSpeed trial. The GL defendants and FuturePath Trading, LLC (a defendant in a case brought by TTI under docket number 05 C 5164) oppose the motion, arguing that TTI has had plenty of time to produce a revised log and that a revised log would be useful not only to them but also to the defendant in the eSpeedtrial. Having considered the arguments, the Court concludes that TTI has the better of the argument. We are persuaded that the substantial amount of trial preparation required of TTI since 06/05/07 provides sufficient justification for the request for extension of time. We also find no prejudice to the GL Defendants and FuturePath from granting the requested extension; and, while they say immediate production of a revised log would benefit eSpeed, that defendant has not weighed in to make that argument. Thus, TTI's motion is GRANTED; no appearance on the motion is required. We will require TTI to produce a revised log by 10/19/07; we do not anticipate granting any further extensions for TTI to do so.Telephoned notice (mmm, ) (Entered: 08/23/2007) |
| 08/23/2007 | [113](#) | MINUTE entry before Judge Sidney I. Schenkier : Status hearing set for 11/8/2007 at 09:00 AM. Mailed notice (mmm, ) (Entered: 08/23/2007) |
| 09/04/2007 | [114](#) | MINUTE entry before Judge James B. Moran :GL's and FuturePath's motion for clarification, joined by the additional defendants, was heard. Court to advise parties if further briefing is necessary.Mailed notice (ldg, ) (Entered: 09/05/2007) |
| 09/24/2007 | | TRANSCRIPT of proceedings for the following dates: 7/10/07; Before the Honorable James B. Moran. (Original in 04cv5312) (mjc, ) (Entered: 09/25/2007) |
| 10/12/2007 | [115](#) | MOTION by Defendant FuturePath Trading LLC to stay (Bennett, Philippe) (Entered: 10/12/2007) |
| | | |

| 10/12/2007 | 116 | MEMORANDUM by FuturePath Trading LLC in support of motion to stay 115 (Attachments: # 1 Exhibit A# 2 Exhibit B)(Bennett, Philippe) (Entered: 10/12/2007) |
|---|---|---|
| 10/12/2007 | 117 | NOTICE of Motion by Philippe Bennett for presentment of motion to stay 115 before Honorable James B. Moran on 10/16/2007 at 09:00 AM. (Bennett, Philippe) (Entered: 10/12/2007) |
| 10/16/2007 | 118 | MINUTE entry before Judge James B. Moran : Parties to exchange requests for specific discovery comporting to the limitations imposed by the court during the status hearing. Next status is set for 10/30/2007 at 11:00 AM.Mailed notice (ldg, ) (Entered: 10/18/2007) |
| 10/30/2007 | 119 | MINUTE entry before Judge James B. Moran :Status hearing held on 10/30/2007 and continued to 12/20/2007 at 11:00 AM. TT to submit letter to defendants outlining specific discovery requested for preservation purposes by 11/7/2007. Defendants to submit proposal for preserving evidence and response to scope of request to TT by 11/14/2007. Parties to meet to discuss remaining discovery issues by 11/20/2007. Parties to file letters to the court outlining remaining discovery issues by 12/17/2007.Mailed notice (ldg, ) (Entered: 10/30/2007) |
| 11/08/2007 | 120 | MINUTE entry before Judge Sidney I. Schenkier : Status hearing held and continued to 1/9/08 at 9:00 a.m. The plaintiff is to serve his responsive letter to defendant's letters regarding discovery disputes by 11/27/07; for subject in which the plaintiff agrees with the defendant, those items are to be completed also by the 11/27/07 date. By 12/11/07, the parties are to meet and confer regarding any subjects to which there are disputes; for any remaining disputes, the parties are to file a joint submission to the Court which states each side's objections by 12/21/07. Mailed notice (mmm, ) (Entered: 11/08/2007) |
| 12/20/2007 | 121 | MINUTE entry before Judge James B. Moran :Status hearing held on 12/20/2007. TT to submit letter to defendants outlining specific third party discovery requested for preservation purposes, which is not already covered by regulations. Defendants to determine from third parties if such evidence exists. Parties to agree on and set status date after first week of February.Mailed notice (ldg, ) (Entered: 12/26/2007) |
| 01/09/2008 | 122 | MINUTE entry before Judge Sidney I. Schenkier : Motion hearing held on GL's motion challenging the adequacy of TT's privilege logs. For the reasons stated on the record in open court, the Court orders that by 01/23/08, TT serve on GL revised logs that: (1) identify whether authors or recipients are lawyers or patent agents, the country in which they are licensed, and in the case of lawyers in Japan, whether they are benrishi or bengoshi; (2) with respect to communications between U.S. attorneys and clients regarding foreign patents and patent applications, descriptions that indicate whether the communications discuss advice from foreign attorneys or patent agents; (3) correlate MBHB and Foley docket numbers contained in the descriptions of documents to the patent application number and (country of application) to which the documents |

| | | |
|---|---|---|
| | | relate; (4) provide any further information available to TT identifying authors and/or recipients of the documents; and (5) make any further amendments to descriptions that TT chooses to make. The Court will deem the 01/23/08 version of the logs as final. In all other respects, GLs motion is denied. The Court makes no further rulings at this time as to whether specific documents on the logs are privileged. Mailed notice (mmm, ) (Entered: 01/09/2008) |
| 01/14/2008 | 123 | TRANSCRIPT of proceedings for the following dates: 2/2/06; Before the Honorable Milton I. Shadur (cdy, ) (Entered: 01/15/2008) |
| 02/11/2008 | 124 | MINUTE entry before Judge James B. Moran : Status hearing is set for 3/4/2008 at 10:00 AM.Mailed notice (ldg, ) (Entered: 02/11/2008) |
| 03/05/2008 | 125 | MINUTE entry before Judge James B. Moran :Status hearing set for 3/4/2008 is stricken.Mailed notice (ldg, ) (Entered: 03/05/2008) |
| 03/19/2008 | 126 | MINUTE entry before Judge Honorable James B. Moran: Status hearing is set for 4/15/2008 at 12:00 PM. Mailed notice (ldg, ) (Entered: 03/19/2008) |
| 04/04/2008 | 127 | MINUTE entry before Judge Honorable James B. Moran:Status hearing was held on 4/4/2008. Status hearing set for 4/15/2008 is stricken.Mailed notice (ldg, ) (Entered: 04/10/2008) |
| 05/21/2008 | 128 | MINUTE entry before the Honorable James B. Moran:Defendants' combined motion to file surreply to TT's motion for protective order 1216 and 1218 is granted.Mailed notice (ldg, ) (Entered: 05/22/2008) |
| 05/23/2008 | 129 | MINUTE entry before the Honorable James B. Moran: Enter Memorandum Opinion and Order. TT's motion is granted as to the protective order 1184 and denied as to costs. Mailed notice (cdy, ) (Entered: 05/28/2008) |
| 05/23/2008 | 130 | MEMORANDUM Opinion and Order. Signed by the Honorable James B. Moran on 5/23/2008.(cdy, ) (Entered: 05/28/2008) |
| 05/29/2008 | 131 | TRANSCRIPT of proceedings for the following dates: 05/14/07; Before the Honorable Honorable Sidney I. Schenkier (Document Not Scanned) (cdy, ) M (Entered: 05/30/2008) |
| 09/09/2008 | 132 | MINUTE entry before the Honorable Milton I. Shadur: Defendant Future Path Trading LLC's long-pending motion to stay 115 is granted. This Court's colleague Honorable James Moran, who has been overseeing this action (among a number of related patent infringement cases) has advised that one of the related cases is now pending on appeal before the Court of Appeals for the Federal Circuit and that the resolution of that appeal will impact significantly on the issues posed by this action. This action is set for a next status hearing on 12/9/2008 at 09:00 AM. - but if the pending appeal referred to earlier has not been resolved, counsel are directed to apprise this Court's minute clerk to that effect so that the status date can be moved to a later date without the need to appear.Mailed notice (srn, ) (Entered: 09/09/2008) |

| 11/25/2008 | 133 | MINUTE entry before the Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 4/23/2009 at 09:00 AM.Mailed notice (srn, ) (Entered: 11/25/2008) |
| 04/21/2009 | 134 | MINUTE entry before the Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 9/17/2009 at 09:00 AM. The April 23 status date is vacated.Mailed notice (srn, ) (Entered: 04/21/2009) |
| 09/15/2009 | 135 | MINUTE entry before the Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 12/17/2009 at 09:00 AM.Mailed notice (srn, ) (Entered: 09/15/2009) |
| 12/08/2009 | 136 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing reset for 2/18/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 12/08/2009) |
| 02/04/2010 | 137 | ATTORNEY Appearance for Counter Defendant Trading Technologies International Inc, Plaintiff Trading Technologies International Inc by Kirsten L. Thomson (Thomson, Kirsten) (Entered: 02/04/2010) |
| 02/16/2010 | 138 | MINUTE entry before Honorable Milton I. Shadur:The February 18 status date is vacated. Status hearing reset for 3/31/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/16/2010) |
| 03/26/2010 | 139 | MINUTE entry before Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 4/7/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 03/26/2010) |
| 04/06/2010 | 140 | MINUTE entry before Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 5/11/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 04/06/2010) |
| 05/07/2010 | 141 | NOTICE by Trading Technologies International Inc of filing of Federal Circuit's Mandate and Opinion for USCA Case Nos. 2008-1392, -1393, -1422 (Attachments: # 1 Exhibit A-B)(Thomson, Kirsten) Modified on 5/10/2010 (cdy, ). (Entered: 05/07/2010) |
| 05/11/2010 | 142 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 5/11/2010. Parties'filings regarding additional requested discovery is due on or before June 1, 2010. Status hearing set for 6/4/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 05/11/2010) |
| 06/01/2010 | 143 | STATUS Report *Regarding Discovery* by Trading Technologies International Inc (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kurcz, Jennifer) (Entered: 06/01/2010) |
| 06/01/2010 | 144 | MOTION by Defendant FuturePath Trading LLC for extension of time to complete discovery (Attachments: # 1 Declaration Lora Moffatt) (Norkett, Brian) (Entered: 06/01/2010) |
| 06/01/2010 | 145 | NOTICE of Motion by Brian W. Norkett for presentment of motion for extension of time to complete discovery 144 before Honorable Milton I. Shadur on 6/3/2010 at 09:15 AM. (Norkett, Brian) (Entered: 06/01/2010) |

| 06/03/2010 | 146 | MINUTE entry before Honorable Milton I. Shadur:Motion for extension of time to file discovery outline to and including June 15, 2010 144 is granted, conditioned upon completion of outstanding requests.; Motion hearing held on 6/3/2010. Status hearing reset for 6/23/2010 at 08:30 AM.Mailed notice (srn, ) (Entered: 06/04/2010) |
|---|---|---|
| 06/08/2010 | 147 | ATTORNEY Appearance for Plaintiff Trading Technologies International Inc by Alan Wayne Krantz (Krantz, Alan) (Entered: 06/08/2010) |
| 06/15/2010 | 148 | DOCUMENT entered in error (Moffatt, Lora) . Modified on 6/15/2010 (cdy, ). (Entered: 06/15/2010) |
| 06/15/2010 | 149 | NOTICE of Correction regarding entry no. 148. Document entered on the incorrect case. (cdy, ) (Entered: 06/15/2010) |
| 06/15/2010 | 150 | STATUS Report *Regarding Discovery* by FuturePath Trading LLC (Attachments: # 1 Exhibit A (motion to reassign/consoidatee), # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E) (Moffatt, Lora) (Entered: 06/15/2010) |
| 06/21/2010 | 151 | OPPOSITION and OBJECTIONS by Trading Technologies International Inc to scope of FuturePath's requested discovery 150 (Attachments: # 1 Exhibit List, # 2 Exhibits A-K, # 3 Exhibits L-U) (Krantz, Alan) Modified on 6/22/2010 (cdy, ). (Entered: 06/21/2010) |
| 06/23/2010 | 152 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 6/23/2010. Defendant's submission is due on or before July 2, 2010. Status hearing set for 7/8/2010 at 08:45 AM.Mailed notice (srn, ) Modified on 6/23/2010 (srn, ). (Entered: 06/23/2010) |
| 07/02/2010 | 153 | RESPONSE by Defendant FuturePath Trading LLC to Plaintiff's opposition and objections to scope of Futurepath's Requested Discovery 151 (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M (Part 1), # 15 Exhibit M (Part 2), # 16 Exhibit N) (Bennett, Philippe) Modified on 7/6/2010 (ca, ). (Entered: 07/02/2010) |
| 07/06/2010 | 154 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Anthony B Ullman (Ullman, Anthony) (Entered: 07/06/2010) |
| 07/07/2010 | 155 | MOTION by Plaintiff Trading Technologies International Inc for leave to file *Reply to FuturePath's Response Regarding Requested Discovery* (Attachments: # 1 Exhibit 1 (Reply to FuturePath's Response Regarding Its Requested Discovery, # 2 Exhibit Exhibit List to Reply, # 3 Exhibit V-Z of Reply, # 4 Exhibit AA-EE of Reply)(Kurcz, Jennifer) (Entered: 07/07/2010) |
| 07/07/2010 | 156 | NOTICE of Motion by Jennifer M Kurcz for presentment of motion for leave to file, 155 before Honorable Milton I. Shadur on 7/9/2010 at 09:15 AM. (Kurcz, Jennifer) (Entered: 07/07/2010) |
| 07/07/2010 | 157 | |

| | | |
|---|---|---|
| | | MINUTE entry before Honorable Joan B. Gottschall: Defendant FuturePath Trading, LLCs motion for reassignment and consolidation is granted. The court finds that Cases Nos. 05 C 4120 and 05 C 5164 are related and should be reassigned. Further the court orders that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42. For further details see minute order. Mailed notice (rj, ) (Entered: 07/07/2010) |
| 07/07/2010 | 158 | MINUTE entry before Honorable Milton I. Shadur:The July 8, 2010 status hearing is vacated.Mailed notice (srn, ) (Entered: 07/07/2010) |
| 07/08/2010 | 159 | MINUTE entry before Honorable Milton I. Shadur:The July 9, 2010 motion hearing date before Judge Shadur is stricken. Counsel is directed to notice up their motion before Judge Gottschall. Mailed notice (srn, ) (Entered: 07/08/2010) |
| 07/08/2010 | 160 | AMENDED MOTION by Plaintiff Trading Technologies International Inc for leave to file Reply to FuturePath's Response Regarding Its Requested Discovery (Attachments: # 1 Exhibit 1 (TT's Reply to FuturePath's Response Regarding Its Requested Discovery), # 2 Exhibit List (to TT's Reply), # 3 Exhibit V-Z (to TT's Reply), # 4 Exhibit AA-EE (to TT's Reply), # 5 Exhibit 2)(Kurcz, Jennifer) Modified on 7/9/2010 (cdy, ). (Entered: 07/08/2010) |
| 07/08/2010 | 161 | NOTICE of Motion by Jennifer M Kurcz for presentment of motion for leave to file, 160 before Honorable Joan B. Gottschall on 7/21/2010 at 09:30 AM. (Kurcz, Jennifer) (Entered: 07/08/2010) |
| 07/12/2010 | 162 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Joan B. Gottschall for all further proceedings, Pursuant to Local Rule 40.4. Signed by Executive Committee on 7/12/10(ca, ). (Entered: 07/14/2010) |
| 07/12/2010 | 🔒 | (Court only) Related cases: Create association to 1:05-cv-04120 (ca, ). (Entered: 07/14/2010) |
| 07/16/2010 | 163 | MOTION by Counter Defendant Trading Technologies International Inc, Plaintiff Trading Technologies International Inc for order to show cause against FuturePath Trading, LLC (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17)(Krantz, Alan) Modified on 7/19/2010 (cdy, ). (Entered: 07/16/2010) |
| 07/16/2010 | 164 | NOTICE of Motion by Alan Wayne Krantz for presentment of motion for order to show cause,, 163 before Honorable Joan B. Gottschall on 7/21/2010 at 09:30 AM. (Krantz, Alan) (Entered: 07/16/2010) |
| 07/16/2010 | 165 | RESPONSE by Defendant FuturePath Trading LLC to motion for leave to file, 160 (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B (Part 1), # 4 Exhibit B (Part 2), # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit |

| | | |
|---|---|---|
| | | E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J)(Bennett, Philippe) (Entered: 07/16/2010) |
| 07/20/2010 | 166 | OPPOSITION by FuturePath Trading LLC to Trading Technologies International, Inc.'s motion for an order to show cause 163 (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L) (Bennett, Philippe) Modified on 7/21/2010 (cdy, ). (Entered: 07/20/2010) |
| 07/20/2010 | 167 | MINUTE entry before Honorable Joan B. Gottschall: Plaintiff Trading Technologies motion for leave to file an additional reply 160 is granted. Plaintiff also moves for an order to show cause why defendant FuturePath, allegedly, has not complied with Judge Shadur's discovery order. Having read the parties briefs on this issue, the court denies plaintiffs motion 163 . With the additional voluminous briefing filed by both plaintiff and defendant, the court is more than adequately equipped to rule on the parties proposed discovery schedules. It need not spend time interpreting Judge Shadur's orders as well. Mailed notice (rj, ) (Entered: 07/21/2010) |
| 07/21/2010 | 168 | REPLY by Plaintiff Trading Technologies International Inc to Response,, 153 *Regarding FuturePath's Requested Discovery* (Attachments: # 1 Exhibit List, # 2 Exhibit V-Z, # 3 Exhibit AA-EE) (Kurcz, Jennifer) (Entered: 07/21/2010) |
| 07/28/2010 | 169 | MOTION by counsel for Counter Claimant FuturePath Trading LLC, Defendant FuturePath Trading LLC to withdraw as attorney *, James R. Branit* (Attachments: # 1 Text of Proposed Order)(Branit, James) (Entered: 07/28/2010) |
| 08/20/2010 | 170 | ATTORNEY Appearance for Counter Defendant Trading Technologies International Inc, Plaintiff Trading Technologies International Inc by Christopher Michael Cavan (Cavan, Christopher) (Entered: 08/20/2010) |
| 08/23/2010 | 171 | TRANSCRIPT OF PROCEEDINGS held on June 3, 2010 before the Honorable Sidney I. Schenkier. Court Reporter Contact Information: Carolyn Cox, 312-435-5639, Carolyn_Cox@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 9/13/2010. Redacted Transcript Deadline set for 9/23/2010. Release of Transcript Restriction set for 11/22/2010. (Cox, Carolyn) (Entered: 08/23/2010) |
| | | |

| 09/22/2010 | 172 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sidney I. Schenkier for the purpose of holding proceedings related to: discovery supervision and settlement conference. (rj, )Mailed notice. (Entered: 09/22/2010) |
| --- | --- | --- |
| 10/15/2010 | 173 | MOTION by Counter Defendant Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to compel (Attachments: # 1 Exhibit Exhibit List, # 2 Exhibit 1-4, # 3 Exhibit 5-17)(Kafadar, Paul) (Entered: 10/15/2010) |
| 10/15/2010 | 174 | NOTICE of Motion by Paul A. Kafadar for presentment of motion to compel 173 before Honorable Sidney I. Schenkier on 10/20/2010 at 08:30 AM. (Kafadar, Paul) (Entered: 10/15/2010) |
| 10/20/2010 | 175 | WRITTEN Opinion: STATUS AND MOTION HEARING HELD. For the reasons stated on the record, the Court, and as summarized below: (1) denies plaintiff's motion for jurisdictional discovery ( 300 in 05 C 4120) as moot; (2) grants plaintiff's motion to file an opposition in excess of 15 pages ( 303 in 05 C 4120); (3) denies without prejudice as moot plaintiff's motion to compel production of documents and things and responses to interrogatories ( 298 in 05 C 4120 and 173 in 05 C 5164); (4) sets a briefing schedule on the motion for protective order modification ( 284 in 05 C 4120); (5) by separate order, establishes a procedure that the parties must follow for filing motions relating to discovery; and (6) sets a discovery schedule. The matter is set for a status hearing with the magistrate judge on 12/01/10 at 10:00 a.m. By the close of business on 11/24/10, the parties shall submit a joint agenda of matters they wish to address at the status hearing. (For further details see written opinion). Signed by the Honorable Sidney I. Schenkier on 10/20/2010. Mailed notice.(jj, ) (Entered: 10/20/2010) |
| 10/20/2010 | 176 | WRITTEN Opinion: The Court sets forth the procedure that the parties must follow in the event they wish to file discovery motions or motions related to discovery. Failure to follow this procedure will result in the motion beingstricken. (For further details see written opinion). Signed by the Honorable Sidney I. Schenkier on 10/20/2010. Mailed notice.(jj, ) (Entered: 10/20/2010) |
| 11/12/2010 | 177 | MOTION by Defendant FuturePath Trading LLC to file instanter *for leave to file Second Amended Answer, Affirmative Defenses and Counterclaims* (Attachments: # 1 Exhibit A)(Moffatt, Lora) (Entered: 11/12/2010) |
| 11/12/2010 | 178 | NOTICE of Motion by Lora A. Moffatt for presentment of motion to file instanter 177 before Honorable Joan B. Gottschall on 11/17/2010 at 09:30 AM. (Moffatt, Lora) (Entered: 11/12/2010) |
| 11/12/2010 | 179 | CERTIFICATE of Service by Defendant FuturePath Trading LLC regarding notice of motion 178 , MOTION by Defendant FuturePath Trading LLC to file instanter *for leave to file Second Amended Answer, Affirmative Defenses and Counterclaims* 177 (Moffatt, Lora) (Entered: 11/12/2010) |

| 11/17/2010 | 180 | MINUTE entry before Honorable Joan B. Gottschall: Motion hearing held. Defendant FuturePath Trading LLCs motion for leave to file a second amended answer, affirmative defenses, and counterclaims instanter (# 177 in 05 C 5164) is granted. Defendant, FuturePath Trading LLC motion to dismiss by 12/1/2010. Response by 12/15/2010. Reply by 12/22/2010. Briefing schedule as to Objections by FuturePath Trading LLC to Magistrate Judge Schenkiers ruling (# 309 in 05 C 4120); Response by 12/1/2010. Reply by 12/15/2010. Ruling by mail. Mailed notice. (psm, ) (Entered: 11/23/2010) |
|---|---|---|
| 11/17/2010 | 181 | SECOND AMENDED ANSWER to Complaint with Jury Demand, COUNTERCLAIM filed by FuturePath Trading LLC against Trading Technologies International Inc.(psm, ) (Entered: 11/23/2010) |
| 11/29/2010 | 182 | MINUTE entry before Honorable Sidney I. Schenkier: Telephone conference held on defendants' motion to reset the status conference before the magistrate judge (# 316 in 05 C 4120). The motion is unopposed and is granted; no appearance on the motion is required. The status hearing before the magistrate judge set for 12/01/10 is RESET to 12/21/10 at 9:30 a.m. Mailed notice. (jj, ) (Entered: 11/30/2010) |
| 12/01/2010 | 183 | MOTION by Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to dismiss, MOTION by Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc for judgment on the pleadings, MOTION by Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to strike answer to complaint, counterclaim 181 (Attachments: # 1 Exhibit Exhibit List, Exhibits 1-7)(Kafadar, Paul) (Entered: 12/01/2010) |
| 12/15/2010 | 184 | MINUTE entry before Honorable Joan B. Gottschall: Defendant GL Trade Americas, Inc.s motion to extend the page limit under L.R. 7.1 for its reply memorandum in support of its motion to disqualify Steven Borsand as TTs Trial Attorney 323 is granted. Motion by Christoper L. McArdle for leave to appear pro hac vice 327 is granted. Motion by David Eklund to appear pro hac vice 329 is granted. Mailed notice. (psm, ) (Entered: 12/15/2010) |
| 12/15/2010 | 185 | MEMORANDUM by FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS in Opposition to motion to dismiss, motion for judgment on the pleadings, motion to strike, motion for relief,,,,,,,,,, 183 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Moffatt, Lora) (Entered: 12/15/2010) |
| 12/15/2010 | 186 | CERTIFICATE of Service by Defendants FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS |

| | | |
|---|---|---|
| | | regarding memorandum in opposition to motion, 185 *to Dismiss/Strike* (Moffatt, Lora) (Entered: 12/15/2010) |
| 12/20/2010 | 187 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by David John Eklund (Eklund, David) (Entered: 12/20/2010) |
| 12/20/2010 | 188 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Christopher Louis Mcardle (Mcardle, Christopher) (Entered: 12/20/2010) |
| 12/21/2010 | 190 | MINUTE entry before Honorable Sidney I. Schenkier: Status hearing held. At the joint request of the parties, the Court amends paragraph 5 of the procedure for filing discovery motions entered on 10/20/10 306 to eliminate the five-page cover motion to which the joint statement and other relevant materials are attached, and in its place, to require the movant to provide a non-argumentative cover motion that states only the relief sought. The matter is set for a status hearing before the magistrate judge on 2/8/11 at 9:30 a.m. Mailed notice. (jj, ) (Entered: 12/22/2010) |
| 12/22/2010 | 189 | REPLY by Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to motion to dismiss, motion for judgment on the pleadings, motion to strike, motion for relief,,,,,,,,,,, 183 (Attachments: # 1 Exhibit 8-9)(Thomson, Kirsten) (Entered: 12/22/2010) |
| 01/04/2011 | 191 | MOTION by counsel for Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to withdraw as attorney *Dennis D. Crouch* (Thomson, Kirsten) (Entered: 01/04/2011) |
| 01/04/2011 | 192 | NOTICE of Motion by Kirsten L. Thomson for presentment of motion to withdraw as attorney 191 before Honorable Joan B. Gottschall on 1/12/2011 at 09:30 AM. (Thomson, Kirsten) (Entered: 01/04/2011) |
| 01/07/2011 | 194 | EXECUTIVE COMMITTEE ORDER: It appearing that, pursuant to the Executive Committee Order entered on December 23, 2010, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Edmond E. Chang, therefore IT IS HEREBY ORDERED That the attached list of 281 cases be reassigned to the Honorable Edmond E. Chang. IT IS FURTHER ORDERED that this order shall become effective on Monday, January 10, 2011. Case reassigned to the Honorable Edmond E. Chang for all further proceedings. Signed by Executive Committee on 1/7/2011. (td, ) (Entered: 01/10/2011) |
| 01/10/2011 | 193 | MINUTE entry before Honorable Joan B. Gottschall: This action having been reassigned to Judge Edmond E. Chang, Hearing set for 1/12/2011 is stricken as to MOTION by counsel for Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to withdraw as attorney Dennis D. Crouch 191 . Movant must renotice before Judge Chang. Mailed notice (rj, ) (Entered: 01/10/2011) |

| 01/10/2011 | 195 | MOTION by counsel for Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc to withdraw as attorney *DENNIS D. CROUCH* (Thomson, Kirsten) (Entered: 01/10/2011) |
|---|---|---|
| 01/10/2011 | 196 | NOTICE of Motion by Kirsten L. Thomson for presentment of motion to withdraw as attorney 195 before Honorable Edmond E. Chang on 1/13/2011 at 08:30 AM. (Thomson, Kirsten) (Entered: 01/10/2011) |
| 01/11/2011 | 197 | MINUTE entry before Honorable Edmond E. Chang: Trading Technologies motion 195 to withdraw Dennis D. Crouch as counsel for plaintiff is granted. Mailed notice. (psm, ) (Entered: 01/12/2011) |
| 01/14/2011 | 198 | MOTION by Plaintiff Trading Technologies International Inc for leave to file *first amended complaint* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2-4)(Krantz, Alan) (Entered: 01/14/2011) |
| 01/14/2011 | 199 | NOTICE of Motion by Alan Wayne Krantz for presentment of motion for leave to file 198 before Honorable Edmond E. Chang on 1/19/2011 at 08:30 AM. (Krantz, Alan) (Entered: 01/14/2011) |
| 01/14/2011 | 200 | MOTION by Defendants FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS to amend/correct *their Answer, Affirmative Defenses, and Counterclaims Instanter* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moffatt, Lora) (Entered: 01/14/2011) |
| 01/14/2011 | 201 | NOTICE of Motion by Lora A. Moffatt for presentment of motion to amend/correct, 200 before Honorable Edmond E. Chang on 1/27/2011 at 08:30 AM. (Moffatt, Lora) (Entered: 01/14/2011) |
| 01/14/2011 | 202 | CERTIFICATE of Service by Defendants FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS regarding notice of motion 201 , MOTION by Defendants FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS to amend/correct *their Answer, Affirmative Defenses, and Counterclaims Instanter*MOTION by Defendants FuturePath Trading LLC, GL Trade Americas Inc., SunGard Financial Systems (France) SAS to amend/correct *their Answer, Affirmative Defenses, and Counterclaims Instanter* 200 (Moffatt, Lora) (Entered: 01/14/2011) |
| 01/17/2011 | 203 | *AMENDED* NOTICE of Motion by Alan Wayne Krantz for presentment of motion for leave to file 198 before Honorable Edmond E. Chang on 1/20/2011 at 08:30 AM. (Krantz, Alan) (Entered: 01/17/2011) |
| 01/18/2011 | 204 | MINUTE entry before Honorable Sidney I. Schenkier: ENTER MEMORANDUM OPINION AND ORDER (attached). Defendants' motion to modify the protective order (05-4120: doc. # 284 ) is denied. Mailed notice. (jj, ) (Entered: 01/18/2011) |
| 01/18/2011 | 205 | MEMORANDUM Opinion and Order Signed by the Honorable Sidney I. Schenkier on 1/18/2011 (Attachments: # 1 Part Two). Mailed notice. (jj, ) (Entered: 01/18/2011) |

| 01/19/2011 | 206 | MINUTE entry before Honorable Edmond E. Chang: Status hearing set for 2/15/2011 at 9:30a.m. Mailed notice (slb, ) (Entered: 01/19/2011) |
|---|---|---|
| 01/19/2011 | 207 | MINUTE entry before Honorable Edmond E. Chang: Motion hearing reset to 2/15/2011 at 9:30a.m. on plaintiff's motion 198 for leave to file a first amended complaint. Motion hearing reset to 2/15/2011 at 9:30a.m. on defendants' motion 200 for leave to amend their answer, affirmative defenses, and counterclaims, instanter. Mailed notice (slb, ) (Entered: 01/19/2011) |
| 01/20/2011 | 208 | ATTORNEY Appearance for Defendant FuturePath Trading LLC by Bruce J. Rose (Rose, Bruce) (Entered: 01/20/2011) |
| 01/28/2011 | 209 | MOTION by Counter Defendants Trading Technologies International Inc, Trading Technologies International Inc, Plaintiff Trading Technologies International Inc for order *MOTION TO RESCHEDULE THE FEBRUARY 4, 2011 DEPOSITION OF JAMES KRAUSE* (Attachments: # 1 Exhibit Exhibit List, Exhibit 1-9)(Kafadar, Paul) (Entered: 01/28/2011) |
| 01/28/2011 | 210 | NOTICE of Motion by Paul A. Kafadar for presentment of motion for order, 209 before Honorable Sidney I. Schenkier on 2/2/2011 at 08:30 AM. (Kafadar, Paul) (Entered: 01/28/2011) |
| 01/31/2011 | 211 | STATUS Report *(Joint Status Report)* by FuturePath Trading LLC, Trading Technologies International Inc (Kurcz, Jennifer) (Entered: 01/31/2011) |
| 02/01/2011 | 212 | MINUTE entry before Honorable Sidney I. Schenkier: Telephone conference held with parties. Plaintiff withdraws the motions to reschedule the February 4, 2011 deposition of James Krause (05-4120: doc. # 384 ; 05-5164: doc. # 209 ). The hearing on the motions set for 2/02/11 is stricken. Mailed notice. (jj, ) (Entered: 02/03/2011) |
| 02/08/2011 | 213 | WRITTEN Opinion entered by the Honorable Sidney I. Schenkier on 2/8/11: Motion and status hearing held. For the reasons stated on the record, and as summarized below, (1) plaintiff's motion to compel (05 C 4120: doc. # 377 ) is granted in part and denied in part; and (2) defendants' motion to compel (05 C 4120: doc. # 383 ) is granted in part and denied in part. The matter is set for a status hearing before the magistrate judge on 03/10/11 at 9:30 a.m. (For further details see Written Opinion). Mailed notice.(jj, ) (Entered: 02/09/2011) |
| 02/15/2011 | 214 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held and continued to 5/10/2011 at 9:00a.m. Mailed notice (slb, ) (Entered: 02/15/2011) |
| 02/15/2011 | 215 | MINUTE entry before Honorable Edmond E. Chang:Defendants' objections to Magistrate Judge Schenkier's order limiting Defendants' requested discovery is overruled. The discovery order strikes the correct balance between, on the one hand, acknowledging the extensive prior art discovery that has already occurred when the cases were before Judge Moran, and on the other hand, permitting some additional prior-art |

| | | discovery that may be specific to Defendants' products. Thus, discovery shall proceed according to the schedule, and according to the scope, set by Judge Schenkier's schedule and subject to any adjustments by the magistrate. The oral request by Defendants to terminate the referral to Magistrate Judge Schenkier is denied.Mailed notice (slb, ) (Entered: 02/15/2011) |
|---|---|---|
| 02/15/2011 | 216 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's motion 198 for leave to file first amended complaint is granted. First amended complaint to be filed on 2/15/2011. In light of the anticipated first amended complaint, defendant FuturePath Trading LLC, SunGard Financial Systems, SAS and GL Trade Americas' motion 200 for leave to amend their answer, affirmative defenses, and counterclaims is terminated as moot. Plaintiff's motion 183 to dismiss, strike, and/or for judgment on the pleadings is also terminated as moot. Oral request by Defendant's attorney, Mr. Brian W. Norkett, to have all filings filed under 05 C 4120 is granted.Mailed notice (slb, ) (Entered: 02/15/2011) |
| 03/02/2011 | 217 | MINUTE entry before Honorable Sidney I. Schenkier: Plaintiff's unopposed motion to extend time to answer Interrogatory No. 6 (doc. # 411 ) is granted. Plaintiff's answer to Interrogatory No. 6 shall be served by 03/07/11. Mailed notice. (jj, ) (Entered: 03/02/2011) |
| 03/07/2011 | 218 | MINUTE entry before Honorable Sidney I. Schenkier:The Court, sua sponte, RESETS the status and motion hearings set for 3/10/11 before the magistrate judge to 3/11/11 at 9:30 a.m. Mailed notice. (jj, ) (Entered: 03/07/2011) |
| 03/11/2011 | 219 | MINUTE entry before Honorable Sidney I. Schenkier: STATUS AND MOTION HEARING HELD. See attached order for rulings. The matter is set for a further status hearing with the magistrate judge on 3/30/11 at 10:00 a.m. Mailed notice. (jj, ) (Entered: 03/11/2011) |
| 03/11/2011 | 220 | ORDER Signed by the Honorable Sidney I. Schenkier on 3/11/2011. Mailed notice.(jj, ) (Entered: 03/11/2011) |
| 03/15/2011 | 221 | MINUTE entry before Honorable Edmond E. Chang:In light of the Court's order 396 of February 15, 2011 allowing all filings to be filed under 05 C 4120, the court is administratively terminating case number 05 C 5164. Mailed notice (slb, ) (Entered: 03/15/2011) |
| 03/23/2011 | 222 | TRANSCRIPT OF PROCEEDINGS held on 02/08/11 before the Honorable Sidney I. Schenkier. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, 312.435.6047, Gayle_McGuigan@ilnd.uscourt.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at |

| | | | |
|---|---|---|---|
| | | | www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/13/2011. Redacted Transcript Deadline set for 4/25/2011. Release of Transcript Restriction set for 6/21/2011. (McGuigan, Gale) (Entered: 03/23/2011) |
| 03/23/2011 | | [223](#) | TRANSCRIPT OF PROCEEDINGS held on 12/21/10 before the Honorable Sidney I. Schenkier. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, 312.435.6047, Gayle_McGuigan@ilnd.uscourt.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/13/2011. Redacted Transcript Deadline set for 4/25/2011. Release of Transcript Restriction set for 6/21/2011. (McGuigan, Gale) (Entered: 03/23/2011) |
| 03/31/2011 | | [224](#) | ATTORNEY Appearance for Objectors eSpeed, Inc., Ecco LLC, EccoWare Ltd., eSpeed International Ltd. by Andrew M. Johnstone (Johnstone, Andrew) (Entered: 03/31/2011) |
| 11/09/2011 | | [225](#) | MINUTE entry before Honorable Sidney I. Schenkier: By agreement of the parties, a telephone conference is set with the magistrate judge for 11/16/11 at 12:15 p.m. Mailed notice. (psm, ) (Entered: 11/14/2011) |
| 11/21/2011 | | [226](#) | MINUTE entry before Honorable Sidney I. Schenkier: Telephone conference held with parties. The Court grants the parties' oral request to extend the date to file an agreed deposition schedule. The schedule shall be filed by noon on 11/29/11. Plaintiff's motion for leave to file under seal ( 671 ) and plaintiff's corrected motion (1) for GL to show cause and (2) to preclude GL's "Tradepad" defense at trial ( 673 ) are entered and continued to 11/30/11 at 10:00 a.m. The Court sua sponte grants plaintiff leave to file a supporting memorandum in excess of 15 pages. Mailed notice. (psm, ) (Entered: 12/05/2011) |
| 12/27/2011 | | [227](#) | MINUTE entry before Honorable Sidney I. Schenkier: On 12/08/11, the Court entered an order which, among other things, required that by 12/22/11, the parties either resolve their dispute about whether the Brown document (E050233) was properly "clawed back" by defendants on the basis of attorney-client privilege, or if the dispute was not resolved, submit the document for in camera review along with a one-page statement by each side explaining its position on whether the document (doc.# 712 : Order, para. 3(C)). On 12/22/11, the Court received a submission by plaintiff, suggesting that the dispute has not been resolved. However, defendants did not provide the Court with the |

| | | | |
|---|---|---|---|
| | | | document for in camera review and did not provide a submission explaining their position on privilege. Nor have defendants sought additional time in which to make the submission, or otherwise explained their failure to comply with the 12/08/11 order. The Court sua sponte will give defendants until 01/04/12 to provide the required submission and the document for in camera review. Failure to make the submission will be deemed a waiver of the assertion of privilege in the disputed Brown document. Mailed notice. (psm, ) (Entered: 12/29/2011) |
| 05/22/2012 | | 228 | TRANSCRIPT OF PROCEEDINGS held on 3/14/12 before the Honorable Sidney I. Schenkier. Court Reporter Contact Information: Michael P Snyder michael_snyder@ilnd.uscourts.gov (312) 435-5563.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/12/2012. Redacted Transcript Deadline set for 6/22/2012. Release of Transcript Restriction set for 8/20/2012. (Snyder, Michael) (Entered: 05/22/2012) |
| 03/05/2013 | | 229 | MINUTE entry before Honorable Sidney I. Schenkier:The telephone status conference set with the magistrate judge for 03/07/13 at 2:00 p.m. is reset to 03/07/13 at 2:30 p.m. Telephone notice (tg, ) (Entered: 03/05/2013) |
| 03/07/2013 | | 230 | MINUTE entry before Honorable Sidney I. Schenkier: Telephone status hearing held. The parties have agreed to, and the Court adopts, the following schedule for filing any remaining discovery motions: (1) any Paragraph 1 letters shall be served by no later than 04/09/13; and (2) responding letters and the meet and confer shall take place in time that the parties may file any Joint Statement by no later than 04/30/13. The matter is set for a telephone status hearing on 05/03/13 at 8:30 a.m. (Chicago time). Notices mailed by Judicial Staff. (psm, ) (Entered: 03/07/2013) |
| 11/04/2013 | | 231 | TRANSCRIPT OF PROCEEDINGS held on 10/28/13 before the Honorable Sidney I. Schenkier. Court Reporter Contact Information: Kathleen M. Fennell, Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | Redaction Request due 11/25/2013. Redacted Transcript Deadline set for 12/5/2013. Release of Transcript Restriction set for 2/3/2014. (Fennell, Kathleen) (Entered: 11/04/2013) |
|---|---|---|
| 05/14/2015 | 232 | ORDER :In court hearing held. Status hearing set for 6/3/2015 at 9:45AM. FuturePath will have comments to proposed settlement to Trading Technologies by 5/20/2015. It is hereby ordered that the administrative termination entered on March 15, 2011 in the FuturePath case is lifted and the case reopened. The GL Consultants action (05-cv-4120) is severed from the FuturePath action (05-cv-5164). Trading Technologies is given leave to file amended complaint in the FuturePath action. FuturePath is given leave to amend its answer and counterclaims in this case. Signed by the Honorable Sara L. Ellis on 5/14/2015. Mailed notice (rp, ) (Main Document 232 replaced on 5/20/2015) (rj, ). Modified on 5/20/2015 (rj, ). (Entered: 05/19/2015) |
| 05/20/2015 | 233 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Sara L. Ellis for all further proceedings pursuant to Local Rule 40.4. Signed by Executive Committee on 5/20/2015.(ks, ) (Entered: 05/21/2015) |
| 05/20/2015 | 🔒 | (Court only) Related cases: Create association to 1:05-cv-04120. (ks, ) (Entered: 05/21/2015) |
| 06/02/2015 | 234 | MINUTE entry before the Honorable Sara L. Ellis: At the parties' request, Status hearing set for 6/3/2015 is stricken and reset to 6/11/2015 at 1:30 PM. Mailed notice (rj, ) (Entered: 06/02/2015) |
| 06/11/2015 | 235 | MINUTE entry before the Honorable Sara L. Ellis: Status hearing held on 6/11/2015. Defendant does not oppose Rule 54 motion. Parties agree to stay the remainder of the case. Status hearing set for 9/3/2015 at 1:30 PM to report on settlement. Mailed notice (rj, ) (Entered: 06/12/2015) |
| 06/12/2015 | 236 | ORDER. The Court grants Trading Technologies' motion for judgment under Rule 54(b). The Court enters final judgment for FuturePath under Rule 54(b) with respect to Trading Technologies' claim of infringement and FuturePath's counterclaims of noninfringement for the reasons stated in the Court's Summary Judgment Ruling. The Court stays any further activity in this case pending appeal of the certified final judgment. Each party shall bear its own attorneys' fees and costs. Mail AO 450 Signed by the Honorable Sara L. Ellis on 6/12/2015:Mailed notice(rj, ) (Entered: 06/12/2015) |
| 06/12/2015 | 237 | ENTERED JUDGMENT. Signed by the Honorable Sara L. Ellis on 6/12/2015: Mailed notice(rj, ) (Entered: 06/12/2015) |
| 06/15/2015 | 238 | NOTICE of appeal by Trading Technologies International Inc regarding orders 237 Filing fee $ 505, receipt number 0752-10758449. (Attachments: # 1 Exhibit A (Dkt. 1377))(Kurcz, Jennifer) (Entered: 06/15/2015) |
| 06/16/2015 | 239 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 238 . (smm) (Entered: 06/16/2015) |

| 06/16/2015 | 240 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 238 . Notified counsel (smm) (Entered: 06/16/2015) |
| 06/16/2015 | 241 | NOTICE of Correction regarding transmitted short record to USCA 240 . (smm) (Entered: 06/16/2015) |